UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANNE MARIE LARA AND ELVIN LARA,
INDIVIDUALLY AND AS PARENTS AND
BEST FRIENDS OF BABY (BOY) JOSE
ANGEL LARA,

       Plaintiff,

v.

PATRICIA GRABAUSKAS, C.N.M.,
OLGA CORDERO, R.N., EAST
BOSTON NEIGHBORHOOD HEALTH CENTER,
LAUREN E. HANLEY, M.D.,
ERIN E. TRACEY, M.D., AND
RONALD E. IVERSON, M.D.,

       Defendants.

CIVIL ACTION

**NOTICE OF REMOVAL**

The defendants, Olga Cordero, R.N. and East Boston
Neighborhood Health Center, by their attorneys, hereby give
notice pursuant to 28 U.S.C. § 2679(d)(2) of their removal of
this lawsuit to the United States District Court for the District
of Massachusetts. As grounds for the removal, the defendant Olga
Cordero, R.N., states that she is an employee of the United
States being sued for alleged violations of state tort law, and
therefore entitled to remove the action pursuant to 28 U.S.C. §
2679(d)(2).

The remaining claims against the defendant, the East Boston Neighborhood Health Center, is also being removed pursuant to 28 U.S.C. § 1441(c).

Respectfully submitted

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

Rayford A. Farquhar
Assistant U.S. Attorney
1 Courthouse Way
Suite 9200
Boston, MA 02210   JB0 # 560350
(617) 748-3284

### CERTIFICATE OF SERVICE

Suffolk, ss

Boston, Massachusetts
May 18, 2005

I hereby certify that a true copy of the above document was served upon all counsel of record including:

Max Bortem, M.D., Esq.
Gorovitz & Bortem, Esq.
395 Totten Pond Road
Suite 401
Waltham, MA 02450

Rayford A. Farquhar
Assistant U.S. Attorney

MAS-20030912                     **Commonwealth of Massachusetts**                     05/25/2005
guen                                  **SUFFOLK SUPERIOR COURT**                        02:58 PM
                                          **Case Summary**
                                           **Civil Docket**

# SUCV2004-04802
## Lara et al v Grabauskas CNM et al

| **File Date** | 11/03/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
|---|---|---|---|---|---|
| **Status Date** | 05/25/2005 | **Session** | H - Civil H, 3 Pemberton Square, Boston | | |
| **Origin** | 1 | **Case Type** | B06 - Medical malpractice | | |
| **Lead Case** | | **Track** | A | | |

| **Service** | 02/01/2005 | **Answer** | 04/02/2005 | **Rule12/19/20** | 04/02/2005 |
|---|---|---|---|---|---|
| **Rule 15** | 01/27/2006 | **Discovery** | 12/23/2006 | **Rule 56** | 02/21/2007 |
| **Final PTC** | 06/21/2007 | **Disposition** | 11/03/2007 | **Jury Trial** | No |

**PARTIES**

**Plaintiff**
Anne Marie Lara
Active 11/03/2004

**Private Counsel 550115**
Max Borten
Gorovitz & Borten
395 Totten Pond Road
Suite 401
Waltham, MA 02451-2013
Phone: 781-890-9095
Fax: 781-890-9098
Active 11/03/2004 Notify

*** See Attorney Information Above ***

**Private Counsel 204300**
Sidney Gorovitz
Gorovitz & Borten
395 Totten Pond Road
Suite 401
Waltham, MA 02451-2013
Phone: 781-890-9095
Fax: 781-890-9098
Active 03/04/2005 Notify

**Plaintiff**
Elvin Lara
Active 11/03/2004

**Private Counsel 550115**
Max Borten
Gorovitz & Borten
395 Totten Pond Road
Suite 401
Waltham, MA 02451-2013
Phone: 781-890-9095
Fax: 781-890-9098
Active 11/03/2004 Notify

**Private Counsel 204300**
Sidney Gorovitz
Gorovitz & Borten
395 Totten Pond Road
Suite 401
Waltham, MA 02451-2013
Phone: 781-890-9095
Fax: 781-890-9098
Active 03/04/2005 Notify

MAS-20030912
guen

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/25/2005
02:58 PM

## SUCV2004-04802
## Lara et al v Grabauskas CNM et al

| | |
|---|---|
| **Plaintiff** | **Private Counsel 550115** |
| Jose Angel Lara | Max Borten |
| Active 11/03/2004 | Gorovitz & Borten |
| | 395 Totten Pond Road |
| | Suite 401 |
| | Waltham, MA 02451-2013 |
| | Phone: 781-890-9095 |
| | Fax: 781-890-9098 |
| | Active 11/03/2004 Notify |
| | |
| | **Private Counsel 204300** |
| | Sidney Gorovitz |
| | Gorovitz & Borten |
| | 395 Totten Pond Road |
| | Suite 401 |
| | Waltham, MA 02451-2013 |
| | Phone: 781-890-9095 |
| | Fax: 781-890-9098 |
| | Active 03/04/2005 Notify |
| | |
| **Defendant** | **Private Counsel 543136** |
| Patricia Grabauskas CNM | Ellen Epstein Cohen |
| Served: 12/20/2004 | Adler Cohen Harvey Wakeman & |
| Defaulted under time standards 05/05/2005 | Guekguezian LLP |
| | 230 Congress Street |
| | 10th Floor |
| | Boston, MA 02110 |
| | Phone: 617-423-6674 |
| | Fax: 617-423-7152 |
| | Active 01/10/2005 Notify |
| | |
| | **Private Counsel 636815** |
| | Jennifer L Boyd Herlihy |
| | Adler Cohen Harvey Wakeman & |
| | Guekguezian LLP |
| | 230 Congress Street |
| | 10th Floor |
| | Boston, MA 02110 |
| | Phone: 617-423-6674 |
| | Fax: 617-423-7152 |
| | Active 01/10/2005 Notify |
| | |
| **Defendant** | **Private Counsel 548553** |
| Olga Cordero RN | Tory A Weigand |
| Served: 12/20/2004 | Morrison Mahoney LLP |
| Defaulted under time standards 05/05/2005 | 250 Summer Street |
| | Boston, MA 02210-1181 |
| | Phone: 617-439-7500 |
| | Fax: 617-439-7590 |
| | Active 02/11/2005 Notify |

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2004-04802
## Lara et al v Grabauskas CNM et al

**Private Counsel 560350**
Rayford A Farquhar
US Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210
Phone: 617-748-3284
Fax: 617-748-3974
Active 05/25/2005 Notify

**Defendant**
East Boston Neighborhood Health Center
Served: 12/20/2004
Defaulted under time standards 05/05/2005

**Private Counsel 548553**
Tory A Weigand
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-439-7590
Active 02/11/2005 Notify

**Private Counsel 560350**
Rayford A Farquhar
US Attorney's Office
1 Courthouse Way
Suite 9200
Boston, MA 02210
Phone: 617-748-3284
Fax: 617-748-3974
Active 05/25/2005 Notify

**Defendant**
Lauren E Hanley MD
Dismissed under time standards 02/17/2005

**Private Counsel 543136**
Ellen Epstein Cohen
Adler Cohen Harvey Wakeman &
Guekguezian LLP
230 Congress Street
10th Floor
Boston, MA 02110
Phone: 617-423-6674
Fax: 617-423-7152
Active 01/10/2005 Notify

**Private Counsel 636815**
Jennifer L Boyd Herlihy
Adler Cohen Harvey Wakeman &
Guekguezian LLP
230 Congress Street
10th Floor
Boston, MA 02110
Phone: 617-423-6674
Fax: 617-423-7152
Active 01/10/2005 Notify

MAS-20030912

guen

Case 1:05-cv-11043-RGS   Document 6   Filed 07/13/2005   Page 6 of 24

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/25/2005
02:58 PM

## SUCV2004-04802
## Lara et al v Grabauskas CNM et al

| | |
|---|---|
| **Defendant**<br>Erin E Tracy MD<br>Dismissed under time standards 02/17/2005 | **Private Counsel 543136**<br>Ellen Epstein Cohen<br>Adler Cohen Harvey Wakeman &<br>Guekguezian LLP<br>230 Congress Street<br>10th Floor<br>Boston, MA 02110<br>Phone: 617-423-6674<br>Fax: 617-423-7152<br>Active 01/10/2005 Notify |
| | **Private Counsel 636815**<br>Jennifer L Boyd Herlihy<br>Adler Cohen Harvey Wakeman &<br>Guekguezian LLP<br>230 Congress Street<br>10th Floor<br>Boston, MA 02110<br>Phone: 617-423-6674<br>Fax: 617-423-7152<br>Active 01/10/2005 Notify |
| **Defendant**<br>Ronald E Iverson MD<br>Dismissed under time standards 02/17/2005 | **Private Counsel 543136**<br>Ellen Epstein Cohen<br>Adler Cohen Harvey Wakeman &<br>Guekguezian LLP<br>230 Congress Street<br>10th Floor<br>Boston, MA 02110<br>Phone: 617-423-6674<br>Fax: 617-423-7152<br>Active 01/10/2005 Notify |
| | **Private Counsel 636815**<br>Jennifer L Boyd Herlihy<br>Adler Cohen Harvey Wakeman &<br>Guekguezian LLP<br>230 Congress Street<br>10th Floor<br>Boston, MA 02110<br>Phone: 617-423-6674<br>Fax: 617-423-7152<br>Active 01/10/2005 Notify |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 11/03/2004 | 1.0 | Complaint |
| 11/03/2004 | | Origin 1, Type B06, Track A. |
| 11/03/2004 | 2.0 | Civil action cover sheet filed |
| 12/28/2004 | 3.0 | SERVICE RETURNED: East Boston Neighborhood Health Center(Defendant)<br>(in hand on 12/20/04) |
| 12/28/2004 | 4.0 | SERVICE RETURNED: Patricia Grabauskas SNM(Defendant) (in hand on<br>12/20/04) |
| 12/28/2004 | 5.0 | SERVICE RETURNED: Olga Cordero RN(Defendant) (in hand on  12/20/04) |
| 02/17/2005 | 6.0 | ORDER OF DISMISSAL re: Lauren E Hanley MD; Erin E Tracy MD; Ronald E<br>Iverson MD (w/o prejudice; service not complete by 1-88<br>deadline).  Copies mailed. |

MAS-20030912
guén

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/25/2005
02:58 PM

### SUCV2004-04802
### Lara et al v Grabauskas CNM et al

| Date | Paper | Text |
|------|-------|------|
| 02/17/2005 | | Case status changed to 'Needs review for answers' at service deadline review |
| 03/03/2005 | 7.0 | Plffs motion to vacate order of dismissal under standing order 1-88 & assented to (w/o opposition) |
| 03/09/2005 | | MOTION (P#7) ALLOWED (Raymond J Brassard) Notices mailed March 09, 2005 dated 3/8/05 |
| 05/05/2005 | 8.0 | Default re: Patricia Grabauskas CNM; Olga Cordero RN; East Boston Neighborhood Health Center (no answer by 1-88 deadline); Pltf directed to move for appropriate judgement by 06/04/2005. Copies mailed. |
| 05/05/2005 | | Case status changed to 'Needs status review' at answer deadline review |
| 05/16/2005 | 9.0 | Motion of deft East Boston Neighborhood Health Center, Olga Cordero, RN & Patricia Grabauskas, C.N.M., for removal of default & assented to (w/o opposition) |
| 05/16/2005 | 10.0 | Affidavit of Tory A Weigand in support of defts East Boston Neighborhood Health Center & Olga Cordero, RN's motion for removal of default |
| 05/19/2005 | | MOTION (P#9) ALLOWED by assent - The default against defts East Boston Neighborhood Health Center, Olge Cordero RN & Patricia Grabauskas CNM& hereby vacated (Ralph D. Gants, Justice) Notices mailed May 19, 2005 |
| 05/25/2005 | | Cerifited copy of petition for removal to U. S. Dist. Court of Defts. Olga Cordero, R. N. and East Boston Neighborhood Health Center U. S. Dist.#(05-11043RGS). |
| 05/25/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON

MAY 26 2005 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL

BY

ASSISTANT CLERK.

1

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO. 04 -

04-4802 H

| | |
|---|---|
| ANNE MARIE LARA and ELVIN LARA Individually and as Parents and Best Friends of BABY (boy) JOSE ANGEL LARA | ) ) ) ) |
| Plaintiffs | ) COMPLAINT ) |
| v. | ) ) and |
| PATRICIA GRABAUSKAS, C.N.M.., OLGA CORDERO, R.N. EAST BOSTON NEIGHBORHOOD HEALTH CENTER LAUREN E. HANLEY, M.D. ERIN E. TRACY, M.D., and RONALD E. IVERSON, M.D. | ) ) ) ) DEMAND FOR ) ) ) JURY TRIAL |
| Defendants | ) ) |

**OVERVIEW**

This Complaint represents claims for medical malpractice against Defendants, Patricia Grabauskas, C.N.M. (``Nurse Grabauskas''), Olga Cordero, R.N. (``Nurse Cordero''), East Boston Neighborhood Health Center (``Health Center''), Lauren E. Hanley, M.D. (``Dr. Hanley''), Erin E. Tracy, M.D. (``Dr. Tracy'') and Ronald E Iverson, M.D. (``Dr. Iverson'').

Mrs. Anne Marie Lara (``Mrs. Lara'') was a patient who became pregnant after trying to conceive for approximately 10 years. Mrs. Lara was a prenatal patient at the Health Center and was provided prenatal care by Nurse Grabauskas and Nurse Cordero between November 2002 and May 2003 and thereafter. Mrs. Lara was diagnosed to be a diabetic patient during her pregnancy and,

1

notwithstanding her high risk status, her entire prenatal care
was provided by Nurses Grabauskas and Cordero. Mrs. Lara had
several blood tests that were considered abnormal but was not
referred to be cared for by an obstetrician and/or a
perinatologist specializing in high risk obstetrics. During Mrs.
Lara's entire prenatal care, she was never referred for a high
risk perinatal evaluation with a perinatologist or a physician
specializing in diabetic gestations.

On May 27, 2003, Mrs. Lara was evaluated at the Health
Center and, because of fetal heart abnormalities, was referred to
the Massachusetts General Hospital where she was diagnosed as
carrying an Intrauterine Fetal Stillborn. Labor was induced on
May 28, 2003 and Mrs. Lara delivered Jose Angel as a stillbirth
the same day.

As a direct consequence of the negligence of the Defendants
in the instant case, Mr. and Mrs. Lara incurred the tragic loss
of their baby boy Jose Angel Lara at approximately 38 weeks of
gestation and his brother Elvin Lara, Jr. has tragically lost
his baby brother.

## JURISDICTIONAL ALLEGATIONS

### AND IDENTIFICATION OF PARTIES

1.    The Plaintiff, Anne Marie Lara (``Mrs. Lara'') and Elvin
      Lara (``Mr. Lara''), are the Parents and Best Friends of
      Jose Angel Lara (``baby Jose Angel''), and live at 174
      Faywood Avenue, East Boston, County of Suffolk, Commonwealth
      of Massachusetts, 02128;

2.    The Defendant, Patricia Grabuaskas, C.N.M. (``Nurse
      Grabauskas''), was at all times relevant to this complaint,
      a Certified Nurse Midwife licensed to practice nursing and
      medicine in the Commonwealth of Massachusetts with a

2

business address at 10 Grove Street, East Boston, County of
Suffolk, Commonwealth of Massachusetts 02128;

3.   The Defendant, Olga Cordero, R.N. (``Nurse Cordero''), was
     at all times relevant to this complaint, a Registered Nurse
     licensed to practice nursing and medicine in the
     Commonwealth of Massachusetts with a business address at 10
     Grove Street, East Boston, County of Suffolk, Commonwealth
     of Massachusetts 02128;

4.   The Defendant, East Boston Neighborhood Health Center
     (``East Boston Health Center'') has a principal place of
     business at 10 Grove Street, East Boston, County of Suffolk,
     Massachusetts 02128 was, at all times relevant to this
     complaint, a Health Center licensed to provide medical
     services and surgical services in the Commonwealth of
     Massachusetts.

5.   The Defendant, Lauren E. Hanley, M.D.(``Dr. Hanley''), was
     at all times relevant to this complaint, a Physician
     licensed to practice medicine in the Commonwealth of
     Massachusetts with a business address at 55 Fruit Street,
     Boston, County of Suffolk, Commonwealth of Massachusetts
     02114;

6.   The Defendant, Erin E. Tracy, M.D.(``Dr. Tracy''), was at
     all times relevant to this complaint, a Physician licensed
     to practice medicine in the Commonwealth of Massachusetts
     with a business address at 55 Fruit Street, Boston, County
     of Suffolk, Commonwealth of Massachusetts 02114;

7.   The Defendant, Ronald I Iverson, M.D.(``Dr. Iverson''), was
     at all times relevant to this complaint, a Physician
     licensed to practice medicine in the Commonwealth of
     Massachusetts with a business address at 55 Fruit Street,
     Boston, County of Suffolk, Commonwealth of Massachusetts
     02114;

3

## COMMON OPERATIVE FACTS

8.   Mrs. Lara was diagnosed to be in the early stages of
     pregnancy on November 13, 2002 by a nurse practitioner
     working at the East Boston Health Center. Her last menstrual
     period was uncertain because of irregular menstrual cycles.
     A positive HCG test was diagnosed on November 5, 2002.

9.   On November 14, 2002, Mrs. Lara was again evaluated by
     Angela Acosta, R.N., a nurse employed by East Boston Health
     Center and was given an appointment to see Nurse Cordero on
     November 19, 2002.

10.  On November 19, 2002 Mrs. Lara had her first prenatal visit
     at the East Boston Health Center with Nurse Cordero.
     Obstetrical laboratory tests were obtained; no fetal heart
     tones were diagnosed at the time.  Nurse Cordero ordered a
     pelvic ultrasound. Mrs. Lara was weighted at 238 lbs. and
     the blood pressure was measured at 138/82.

11.  An obstetrical ultrasound obtained on November 25, 2002 at
     the East Boston Health Center diagnosed a single, living,
     intrauterine pregnancy with an average gestational age
     equaling approximately 11.3 weeks in duration.

12.  A pelvic ultrasound obtained on December 2, 2002 at the
     Massachusetts General Hospital diagnosed a single
     intrauterine gestational sac containing a sonographically
     normal fetus with a normal heart rate. Biometry was reported
     as consistent with 13 weeks and 1 day and Mrs. Lara was
     given an EDC (expected day of Confinement) of June 8, 2003.

13.  On December 17, 2002, Mrs. Lara presented for another
     prenatal visit to the East Boston Health Center. She was
     diagnosed to be 15.3 weeks pregnant, her weight was measured
     at 248 lbs., her blood pressure was 130/80. A complete
     physical examination was performed. A second pelvic
     ultrasound was ordered and an appointment given for Mrs.

4

Lara to be evaluated by Nurse Grabauskas (CNM, Certified
Nurse Midwife) for January 7, 2003.

14. On December 23, 2002, Mrs. Lara had her blood AFP (alpha
    feto-protein) taken at approximately 16.1 weeks gestation. A
    repeat ultrasound was ordered.

15. On January 6, 2003, a repeat pelvic ultrasound obtained at
    the Massachusetts General Hospital confirmed a single active
    intrauterine fetus; biometry was consistent with an 18.1
    weeks intrauterine gestation.

16. On January 7, 2003, Mrs. Lara was evaluated at the East
    Boston Health Center for a routine prenatal visit. The
    examiner reported the following:

        (a) ``Feels well, had sono and AFP yesterday. Discussed
        diet and possible gest DM. Will screen next week with 1
        hr GTT and told pt she would be screened again at 28
        weeks if this is nl. If this test is abnl she would be
        tried on diet for regulation of gest DM pt understands.
        rtc in 4 weeks.''

17. On February 5, 2003, Mrs. Lara was evaluated at the East
    Boston Health Center for a prenatal follow up visit; the
    examiner reported the following:

        (a) ``Denies vag bleeding reports + fetal kicking more
        at night. c/o vag itching had a first trim resolved w
        Terazol req rf on Terazol 7 given. Rev PTL precautions,
        warnings signs FM. Rev prior lab and u/s report PPD
        today, has appt w Nutrition in March. RTc in 4 weeks w
        CNM/PRN

18. On March 11, 2003, Mrs. Lara was evaluated at the East
    Boston Health Center for a routine prenatal visit; the
    examiner reported the following:

        (a) ``Feels well, reports active baby. Will do 3rd
        trimester labs tomorrow, lab slip given to pt will
        ordwer sono for interval growth as difficult to assess
        fetal size due to body habitus. pt says her PPD was

5

> neg. pt reports previous baby ``small and was difficult birth (forcep), ``they had me prepared for a c-section.'' Signed Tricia

19. On March 19, 2003, Mrs. Lara was evaluated at the East Boston Health Center for a routine prenatal visit. The examiner reported the following:

20. On March 26, 2003, Mrs. Lara was called to inform her that she had an elevated 1 Hr GLT and the need for 3 Hrs GTT. A message was left in her voicemail. A nurse Bonnie had already spoken to Mrs. Lara about the need to follow up her BS.

21. On April 8, 2003, Mrs. Lara was evaluated at the East Boston Health Center for a routine prenatal visit; the examiner reported the following:

> (a) ``Feels well, will see nutritionist today and start weekly visits for care. Will do FBS and 2 hr PP next visit to assess diet control of abnl GTT. Pt will start NST at 34 weeks, will have sonogram for interval growth and well being at 35 and 39 weeks. Consult Dr Tracy and reviewed labs.'' Signed Tricia

22. On April 16, 2003, Mrs. Lara was evaluated at the East Boston Health Center for a prenatal follow up visit; the examiner reported the following:

> (a) ``Denies vag bleeding leaking and ctx, reports good FM, c/o vag pressure, denies sxs of UTI urine dip neg, given Rx for Maternity support Belt, Rev PTL precautions warnings signs, daily FM, Did not have FBS/2Hrs PP. will go to lab tomorrow for FBS and 2 hrs PP. to book w FP couns. RTC in a wk w CNM/PRN

23. On April 22, 2003, Mrs. Lara was evaluated at the East Boston Health Center for a routine prenatal visit; the examiner reported the following:

> (a) ``Reviewed blood sugars with Dr Hanley. Pt needs to start checking her blood sugars at home while on diet

6

    for one week to assess CHO metabolism. Will set up
    teaching with RN. Pt will start NST's next visit.
    Reports active baby.'' Signed Tricia

24.  On May 5, 2003, Mrs. Lara was evaluated at the East Boston
     Health Center for glucometer teaching; the examiner reported
     the following:

         (a) `` Pt. very anxious about ``sticking myself
         w/needles.'' Pt. able to return demonstration
         w/glucometer. Discussed NL values for BS. Pt. requires
         a lot of reassurance regarding finger sticks. Pt.
         uncertain about returning RN visit, wants to speak
         w/provider this Wed. Pt. to CB w/concerns or ?'s pm.
         Pt. verbalized understanding.''

25.  On May 7, 2003, Mrs. Lara was evaluated at the East Boston
     Health Center for a prenatal follow up visit and NST [non
     stress test]; the examiner reported the following:

         (a) ``Denies vag bleeding reports lot of FM [fetl
         movements], req ref on terazol 7 and PN [prenatal] vits
         [vitamins], non reactive NST [non stress test] sent for
         BPP [biophysical profile], also FBS and 2 Hrs PP all
         per cons to Dr Iverson. GBS done. DOING GLUCOMTER bs
         CHECK AT HOME ALL fbs LESS THAN 100 AND 2Hrs PP LESS
         THAN 120 BUT 1 OF 124.. sent for BPP today. TO BOOK W
         nutrition for ASAP, has appt w FP couns today. RTC IN A
         WK W CNM/PRN.''

26.  On May 13, 2003, Mrs. Lara was evaluated at the East Boston
     Health Center for a routine prenatal visit; the examiner
     reported the following:

         (a) ``Reviewed FBS [fasting blood sugar] and 2 hr PP
         [post prandial] bld sugars for this wk-—mostly WNL
         [within normal limits]. FBS today=123. 3+ glucose in
         urine today. Pt says ``cheated last noc on diet''. NST
         [non stress test] today nonreactive with one variable
         from 150's baseline to 120's. Consult with Dr Hanley-pt

                                   7

to MGH [Massachusetts General Hospital] for BPP
[biophysical profile] and EFW [estimated fetal weight].
Rtc [return to clinic] in one wk as planned.'' Signed
Tricia

27. On May 22, 2003, Mrs. Lara was evaluated at the East Boston
Health Center for a routine prenatal visit and for a NST
(non stress test); the examiner reported the following:

> (a) ``Denies vag bleeding, leaking and ctx
> (contractions), reports good FM (fetal movement) urine
> dip neg but + nitrite denies sxs (symptoms) of uti
> (urinary tract infection) rev w Dr. Iverson. Reactive
> NST, to sent for U/A, C [culture] & sens [sensitivity]
> (urianalysis, culture and sensitivity) to call for
> results, Rev + vag GBS and need for antibiotic on labor
> rev labor precautions warnings signs daily FM, cont w
> BS check w glucometer all FBS less than 100 and all 2
> Hrs PP less than 120. RTC (return to clinic) in 1 wk w
> CNM for PN care and NST/PRN.'' The fetal heart tones
> were diagnosed as present.

28. On May 27, 2003, Mrs. Lara was evaluated at the East Boston
Health Center for a routine prenatal visit; the examiner
reported the following:

> (a) ``Glucose testing was reviewed, all BS [blood sugar]
> are WNL [within normal limits] for FBS [fasting blood
> sugar and 2 hr PP [post prandial]. Pt reports fetal
> activity, unable to do a NST [non stress test] due to
> pt habitus, sent for BPP [biophysical profile] today.''
> The fetal heart tones were diagnosed as present. Signed
> Tricia

29. On May 27, 2003, Mrs. Lara was referred to the Massachusetts
General Hospital for a Biophysical Profile because of the
inability to obtain a Non-Stress test at the East Boston
Health Center. The Biophysical Profile was reported as:

8

> (a) ``Examination of the uterus reveals a single fetus
> in vertex presentation with a posterior placenta. The
> amniotic fluid volume appears normal. There is no fetal
> motion and no fetal heart motion. There is evidence of
> maceration. The midwifery service was informed and the
> patient was brought to labor and delivery.'' Signed by:
> Allan S. Nadel (radiologist).

30.  Mrs. Lara was admitted to the Massachusetts General
     Hospital's Labor and Delivery on May 27, 2003  with a
     diagnosis of Intrauterine Fetal Demise and under epidural
     anesthesia delivered a 38 week old, male infant stillborn
     infant weighing 3519 grams. Mrs. Lara was discharged from
     the Massachusetts General Hospital on May 28, 2003.

31.  In violation of the duty owed to Mrs. Lara and Jose Angel
     Lara, the Defendant Patricia Grabauskas, C.N.M., negligently
     cared for and treated Mrs. Lara and Jose Angel Lara and/or
     failed to care and treat them such that (baby boy) Jose
     Angel Lara was caused to sustain severe personal injuries
     that led to his death in-utero and stillbirth.

32.  In violation of the duty owed to Mrs. Lara and Jose Angel
     Lara, the Defendant Olga Cordero, R.N., negligently cared
     for and treated Mrs. Lara and (baby boy) Jose Angel Lara
     and/or failed to care and treat them such that Jose Angel
     Lara was caused to sustain severe personal injuries that led
     to his death in-utero and stillbirth.

33.  In violation of the duty owed to Mrs. Lara and Jose Angel
     Lara, the Defendant East Boston Health Center, by and
     through its agents, servants or employees or persons for
     whose conduct it was responsible, negligently cared for and
     treated Mrs. Lara and (baby boy) Jose Angel Lara and/or
     failed to care and treat them such that Jose Angel Lara was
     caused to sustain severe personal injuries that led to his
     death in-utero and stillbirth.

9

## COUNT I

### (Patricia Grabauskas, C.N.M., Negligence - Wrongful Death)

34.  The Plaintiffs, Mrs. Lara And Elvin Lara Individually And As
     Administrators Of The Estate Of Baby (Boy) Jose Angel Lara
     repeat, reallege and incorporate fully herein Paragraphs One
     through Thirty-three inclusive of this Complaint as if
     specifically set forth herein, paragraph by paragraph, word
     by word.

35.  At all times relevant to this complaint, the Defendant,
     Patricia Grabauskas, C.N.M., represented and held herself
     out to be skilled in the treatment of various illnesses and
     conditions in the field of Obstetrics and, in particular,
     represented to the Plaintiff that she was knowledgeable,
     competent and qualified to diagnose and treat the Plaintiff
     on or about November of 2002 and thereafter.

36.  On or about November of 2002 and thereafter, Mrs. Lara
     submitted herself to the care and treatment of the
     Defendant, Patricia Grabauskas, C.N.M., who negligently and
     carelessly and without regard for the Plaintiff's health and
     well-being or that of (baby boy) Jose Angel Lara, treated
     the Plaintiff in a manner which resulted in severe personal
     injuries and the death of her singleton male-pregnancy.

37.  The injuries sustained by Mrs. Lara were the direct and
     proximate result of the carelessness, unskillfulness,
     negligence and improper care and treatment by the Defendant,
     Patricia Grabauskas, C.N.M., including but not limited to
     the following:

        a.  her misrepresentations to the Plaintiff, on or
            about November of 2002 and thereafter, that she
            was knowledgeable, skillful and competent to
            diagnose, manage and treat Mrs. Lara's diabetic
            pregnancy;

10

        b.     her failure, on or about November of 2002 and
               thereafter, to adequately and properly diagnose
               and manage the medical condition of the Plaintiff,
               and her failure to properly treat said condition;
        c.     her failure to recognize, or to have the knowledge
               to recognize, her inability and lack of skill to
               treat Mrs. Lara, when she knew or should have
               known of the foreseeable consequences of her
               inability and failure to properly and skillfully
               provide Mrs. Lara with acceptable medical care and
               treatment;
        d.     her failure to exercise the degree of care, skill
               and judgment expected of a competent medical
               practitioner acting in the same or similar
               circumstances, which duty included the performance
               of adequate and proper diagnostic tests and
               procedures to determine the severity of Mrs. Lara
               's condition, careful diagnosis of such condition,
               employment of appropriate personnel, procedures,
               surgery and/or treatment to correct such
               conditions without injury upon Mrs. Lara and her
               singleton-pregnancy, continuous evaluation and the
               effects of such treatment, and adjustment of the
               course of treatment in response to such ongoing
               surveillance and evaluation, all of which
               Defendant failed to do;
        e.     her failure to possess and exercise that degree of
               skill, training and care as is possessed and
               exercised by the average qualified members of the
               medical profession practicing her specialty;
        f. her failure to inform and to warn of the risks
          involved in or associated with Mrs. Lara 's
          condition and failure to inform and to warn her
          about the treatment of said condition.

38.  As a direct and proximate result of the negligence,
     carelessness and unskillfulness of the Defendant, Patricia
     Grabauskas, C.N.M., Mrs. Lara, was caused to sustain severe
     and permanent personal injuries including the death of her
     singleton male-pregnancy.

11

**WHEREFORE**, the Plaintiffs, Mrs. Lara and Elvin Lara Individually And As Administrators of the Estate Of Baby (Boy) Jose Angel Lara demand judgment against the Defendant, Patricia Grabauskas, C.N.M., in an amount which is just and appropriate to compensate them for Jose Angel Lara's death and Mrs. Lara's and Elvin Lara's pain and suffering and loss of consortium, together with interest and costs.

### COUNT II

### (Patricia Grabauskas, C.N.M. - Gross Negligence - Wrongful Death)

39.  The Plaintiff, Mrs. Lara And Elvin Lara Individually And As Administrators Of The Estate Of Baby (Boy) Jose Angel Lara, repeat, reallege and incorporate fully herein Paragraphs One through Thirty-eight inclusive of this Complaint as if specifically set forth herein, paragraph by paragraph, word by word.

40.  As a direct and proximate result of the gross negligence, carelessness and unskillfulness of the Defendant, Patricia Grabauskas, C.N.M., Mrs. Lara and Elvin lara, was caused to sustain severe and permanent personal injuries including the death of one of her singleton male-pregnancy.

**WHEREFORE**, the Plaintiff, Mrs. Lara And Elvin Lara Individually And As Administrators Of The Estate Of Baby (Boy) Jose Angel Lara, demand judgment against the Defendant, Patricia Grabauskas, C.N.M., for punitive damages in causing the death of Jose Angel Lara by her gross negligence in accordance with the provisions of M.G.L. c. 229, as amended and applicable at times material herein, in an amount which is just and appropriate to compensate them for Jose Angel Lara's death, together with interest and costs.

12

## COUNT III

### (Olga Cordero, R.N., Negligence - Wrongful Death)

41. The Plaintiffs, Mrs. Lara And Elvin Lara Individually And As
    Administrators Of The Estate Of Baby (Boy) Jose Angel Lara
    repeat, reallege and incorporate fully herein Paragraphs One
    through Forty inclusive of this Complaint as if specifically
    set forth herein, paragraph by paragraph, word by word.

41. At all times relevant to this complaint, the Defendant,
    Olga Cordero, R.N., represented and held herself out to be
    skilled in the treatment of various illnesses and conditions
    in the field of Obstetrics and, in particular, represented
    to the Plaintiff that she was knowledgeable, competent and
    qualified to diagnose and treat the Plaintiff on or about
    November of 2002 and thereafter.

42. On or about November of 2002 and thereafter, Mrs. Lara
    submitted herself to the care and treatment of the
    Defendant, Olga Cordero, R.N., who negligently and
    carelessly and without regard for the Plaintiff's health and
    well-being or that of (baby boy) Jose Angel Lara, treated
    the Plaintiff in a manner which resulted in severe personal
    injuries and the death of her singleton male-pregnancy.

43. The injuries sustained by Mrs. Lara were the direct and
    proximate result of the carelessness, unskillfulness,
    negligence and improper care and treatment by the Defendant,
    Olga Cordero, R.N. including but not limited to the
    following:

   a. her misrepresentations to the Plaintiff, on or
      about November of 2002 and thereafter, that she
      was knowledgeable, skillful and competent to
      diagnose, manage and treat Mrs. Lara's twin-
      pregnancy;

   b. her failure, on or about November of 2002 and
      thereafter, to adequately and properly diagnose

13

and manage the medical condition of the Plaintiff,
and her failure to properly treat said condition;

c.   her failure to recognize, or to have the knowledge
to recognize, her inability and lack of skill to
treat Mrs. Lara, when she knew or should have
known of the foreseeable consequences of her
inability and failure to properly and skillfully
provide Mrs. Lara with acceptable medical care and
treatment;

d.   her failure to exercise the degree of care, skill
and judgment expected of a competent medical
practitioner acting in the same or similar
circumstances, which duty included the performance
of adequate and proper diagnostic tests and
procedures to determine the severity of Mrs. Lara
's condition, careful diagnosis of such condition,
employment of appropriate procedures, surgery
and/or treatment to correct such conditions
without injury upon Mrs. Lara and her singleton-
pregnancy, continuous evaluation and the effects
of such treatment, and adjustment of the course of
treatment in response to such ongoing surveillance
and evaluation, all of which Defendant failed to
do;

e.   her failure to possess and exercise that degree of
skill, training and care as is possessed and
exercised by the average qualified members of the
medical profession practicing her specialty;

f.   her failure to inform and to warn of the risks
involved in or associated with Mrs. Lara 's
condition and failure to inform and to warn her
about the treatment of said condition.

44.   As a direct and proximate result of the negligence,
carelessness and unskillfulness of the Defendant, Olga
Cordero, R.N., Mrs. Lara, was caused to sustain severe and
permanent personal injuries including the death of her
singleton male-pregnancy.

**WHEREFORE**, the Plaintiffs, Mrs. Lara and Elvin Lara Individually
And As Administrators of the Estate Of Baby (Boy) Jose Angel Lara
demand judgment against the Defendant, Olga Cordero, R.N., in an

14

amount which is just and appropriate to compensate them for Jose
Angel Lara's death and Mrs. Lara's and Elvin Lara's pain and
suffering and loss of consortium, together with interest and
costs.

### COUNT IV

### (Olga Cordero, R.N. - Gross Negligence - Wrongful Death)

45.  The Plaintiff, Mrs. Lara And Elvin Lara Individually And As
     Administrators Of The Estate Of Baby (Boy) Jose Angel Lara,
     repeat, reallege and incorporate fully herein Paragraphs One
     through Forty-four inclusive of this Complaint as if
     specifically set forth herein, paragraph by paragraph, word
     by word.
46.  As a direct and proximate result of the gross negligence,
     carelessness and unskillfulness of the Defendant, Olga
     Cordero, R.N., Mrs. Lara and Elvin lara, was caused to
     sustain severe and permanent personal injuries including the
     death of one of her singleton male-pregnancy.

**WHEREFORE**, the Plaintiff, Mrs. Lara And Elvin Lara Individually
And As Administrators Of The Estate Of Baby (Boy) Jose Angel
Lara,  demand judgment against the Defendant, Olga Cordero, R.N.,
for punitive damages in causing the death of Jose Angel Lara by
her gross negligence in accordance with the provisions of M.G.L.
c. 229, as amended and applicable at times material herein, in an
amount which is just and appropriate to compensate them for Jose
Angel Lara's death, together with interest and costs.

15

## COUNT V

## (East Boston Neighborhood Health Center - Negligence - Wrongful Death)

47.  The Plaintiffs, Mrs. Lara and Elvin Lara Individually and as Administrators of The Estate of Baby (Boy) Jose Angel Lara, repeat, reallege and incorporate fully herein Paragraphs One through Forty-six inclusive of this Complaint as if specifically set forth herein, paragraph by paragraph, word by word.

48.  At all times relevant to this Complaint, The Plaintiffs allege that East Boston Neighborhood Health Center through its agents, servants and employees, owed Mrs. Lara and Jose Angel Lara a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiff's condition, careful diagnosis of such condition, employment of appropriate personnel, procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiff, all of which the Defendant's agents, servants and employees failed to do on or about November 2002 and thereafter.

49.  On or about November of 2002 and thereafter, the Plaintiff submitted herself to the care and treatment of East Boston Neighborhood Health Center, its agents, servants and employees.  The Plaintiffs, Mrs. Lara and Elvin Lara Individually and as Administrators of The Estate of Baby (Boy) Jose Angel Lara allege that East Boston Neighborhood Health Center through its agents, servants and employees, owed Mrs. Lara and Jose Angel Lara a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar

16

circumstances, which duty included the performance of
adequate and proper diagnostic tests and procedures to
determine the nature and severity of the Plaintiff's
condition, careful diagnosis of such condition, employment
of appropriate personnel, procedures, tests, surgery and/or
treatment to correct such conditions without inflicting
injury upon the Plaintiff, continuous evaluation of the
Plaintiff's condition and effects of such treatment, and the
adjustment of the course of treatment in response to ongoing
surveillance and evaluation, all of which the Defendant's
agents, servants and employees failed to do and who
negligently and carelessly and without regard for the
Plaintiff's health and well-being, treated the Plaintiff and
baby boy Jose Angel Lara in a manner which resulted in
severe personal injuries to Mrs. Lara and Jose Angel Lara,
and ultimately the death of one of her singleton male-
pregnancy in November, 2002.

50.   East Boston Neighborhood Health Center through its agents,
      servants and/or employees, was negligent in that it failed
      to employ appropriate personnel, treatment, surgery and/or
      procedures, failed to carefully and thoroughly evaluate the
      Plaintiff's condition, failed to thoroughly evaluate the
      effects and results of any tests, treatment and/or
      procedures performed, failed to adjust the Plaintiff's
      treatment in response to appropriate evaluation of the
      effects of treatment, failed to properly monitor the course
      of the Plaintiff's condition and treatment, failed to employ
      adequate and proper diagnostic procedures and/or tests to
      determine the nature and extent of the Plaintiff's
      condition, failed to diagnose the Plaintiff's condition and
      was otherwise negligent, including but not limited to the
      following:

            a.   On or about November of 2002 and thereafter,
                 Plaintiff  Mrs. Lara presented to Defendant's
                 medical facility requesting evaluation and

                              17

management of her medical condition, including
abdominal pain;

b.   During the prenatal visits between November of
2002 and May 2003 and thereafter, Plaintiff,
continued to be evaluated and treated by
Defendants, Patricia Grabauskas, C.N.M. and Olga
Cordero, R.N. and was not referred to an
obstetrician for care and treatment for her high
risk condition;

c.   Defendant's agents, servants and employees
acknowledged Plaintiff's complaints and treated
her without performing the necessary tests,
evaluations and referral to an obstetrician to
obtain a diagnosis for Mrs. Lara's symptoms. No
testing nor diagnostic evaluations for a patient
situated in conditions similar to that of this
Plaintiff were conducted;

d.   Defendant's agents, servants and employees
proceeded to discourage Plaintiff from obtaining
the necessary testing, diagnostic evaluations and
referral to an obstetrician for a patient situated
in conditions similar to that of the Plaintiff;
Mrs. Lara;

e.   Relying on the recommendations of Defendant's
agents, servants and employees, who were the
Plaintiff's caregivers, Plaintiff followed
Defendant's agents, servants and employees
recommendations and did not have the necessary
testing, diagnostic evaluations and referral to an
obstetrician which her condition required;

51.  The injuries sustained by Mrs. Lara and Jose Angel Lara,
were the direct and proximate result of the carelessness,
unskillfulness, negligence and improper care and treatment

18

by East Boston Neighborhood Health Center's agents, servants
and employees, including but not limited to the following:

    a.    its misrepresentations to the Plaintiff that
        through its agents, servants and employees, it was
        knowledgeable, skillful and competent to diagnose
        and treat the Plaintiff on or about November of
        2002 and thereafter;

    b.    its failure through its agents, servants and
        employees, to adequately and properly diagnose the
        medical condition of the Plaintiff on or about
        November of 2002 and thereafter, and its failure
        to properly treat said condition;

    c.    its failure through its agents, servants and
        employees, to recognize, or to have the knowledge
        to recognize its inability and lack of skill to
        treat the Plaintiff, when it knew or should have
        known of the foreseeable consequences of its
        inability and failure properly and skillfully to
        provide the Plaintiff with acceptable medical care
        and treatment;

    d.    its failure through its agents, servants and
        employees, to exercise the degree of care, skill
        and judgment expected of a competent medical
        practitioner acting in the same or similar
        circumstances, which duty included the performance
        of adequate and proper diagnostic tests and
        procedures to determine the severity of the
        Plaintiff's condition, careful diagnosis of such
        condition, employment of appropriate personnel,
        procedures, surgery and/or treatment to correct
        such conditions without injury upon the Plaintiff,
        continuous evaluation and the effects of such
        treatment, and adjustment of the course of
        treatment in response to such ongoing surveillance

19

and evaluation, all of which the Defendant through
its agents, servants and employees failed to do;

e.   its failure through its agents, servants and
employees, to possess and exercise that degree of
skill, training and care as is possessed and
exercised by the average qualified members of the
medical profession practicing their specialty;

f.   its failure through its agents, servants and
employees, to inform and to warn of the risks
involved in or associated with the Plaintiff's
condition and failure to inform and to warn about
the treatment of said condition.

52.   As a direct and proximate result of the negligence,
carelessness and unskillfulness of East Boston Neighborhood
Health Center's agents, servants and employees, Mrs. Lara
and Jose Angel Lara, were caused to sustain severe and
permanent personal injuries, which ultimately led to the
death of Jose Angel Lara, her singleton male-pregnancy in
May, 2003.

WHEREFORE, the Plaintiffs, Mrs. Lara And Elvin Lara Individually
And As Administrators Of The Estate Of Baby (Boy) Jose Angel
Lara, demand judgment against the Defendant, East Boston
Neighborhood Health Center, in an amount which is just and
appropriate to compensate them for Jose Angel Lara's death and
Mrs. Lara's and Elvin Lara's pain and suffering and loss of
consortium, together with interest and costs.

20

## COUNT VI

## (East Boston Neighborhood Health Center - Gross Negligence - Wrongful Death)

53.   The Plaintiffs, Mrs. Lara And Elvin Lara Individually And As
      Administrators Of The Estate Of Baby (Boy) Jose Angel Lara,
      repeat, realleges and incorporate fully herein Paragraphs
      One through Fifty-two inclusive of this Complaint as if
      specifically set forth herein, paragraph by paragraph, word
      by word.

54.   As a direct and proximate result of the gross negligence,
      carelessness and unskillfulness of the Defendant, East
      Boston Neighborhood Health Center, Mrs. Lara was caused to
      sustain severe and permanent personal injuries including the
      death of Jose Angel Lara, her singleton male-pregnancy.

WHEREFORE, the Plaintiffs, Mrs. Lara And Elvin Lara Individually
And As Administrators Of The Estate Of Baby (Boy) Jose Angel
Lara, demand judgment against the Defendant, East Boston
Neighborhood Health Center, for punitive damages in causing the
death of Jose Angel Lara by its gross negligence in accordance
with the provisions of M.G.L. c. 229, as amended and applicable
at times material herein, in an amount which is just and
appropriate to compensate them for Jose Angel Lara's death,
together with interest and costs.

## COUNT VII

## (Lauren E. Hanley, M.D., Negligence - Wrongful Death)

55.   The Plaintiffs, Mrs. Lara And Elvin Lara Individually And As
      Administrators Of The Estate Of Baby (Boy) Jose Angel Lara
      repeat, realleges and incorporate fully herein Paragraphs
      One through Fifty-four inclusive of this Complaint as if

specifically set forth herein, paragraph by paragraph, word
by word.

56.   At all times relevant to this complaint, the Defendant,
      Lauren E. Hanley, M.D., represented and held herself out to
      be skilled in the treatment of various illnesses and
      conditions in the field of Obstetrics and, in particular,
      represented to the Plaintiff that she was knowledgeable,
      competent and qualified to diagnose and treat the Plaintiff
      on or about November of 2002 and thereafter.

57.   On or about November of 2002 and thereafter, Mrs. Lara
      submitted herself to the care and treatment of the
      Defendant, Lauren E. Hanley, M.D., who negligently and
      carelessly and without regard for the Plaintiff's health and
      well-being, treated the Plaintiff in a manner which resulted
      in severe personal injuries and the death of her singleton
      male-pregnancy.

58.   The injuries sustained by Mrs. Lara were the direct and
      proximate result of the carelessness, unskillfulness,
      negligence and improper care and treatment by the Defendant,
      Lauren E. Hanley, M.D.,  including but not limited to the
      following:

            a.    her misrepresentations to the Plaintiff, on or
                  about November of 2002 and thereafter, that he was
                  knowledgeable, skillful and competent to diagnose
                  and treat Mrs. Lara's twin-pregnancy;

            b.    her failure, on or about November of 2002 and
                  thereafter, to adequately and properly diagnose
                  the medical condition of the Plaintiff, and her
                  failure to properly treat said condition;

            c.    her failure to recognize, or to have the knowledge
                  to recognize, his inability and lack of skill to
                  treat Mrs. Lara, when she knew or should have
                  known of the foreseeable consequences of her
                  inability and failure to properly and skillfully
                  provide Mrs. Lara with acceptable medical care and
                  treatment;

            d.    her failure to exercise the degree of care, skill
                  and judgment expected of a competent medical

                                  22

practitioner acting in the same or similar
circumstances, which duty included the performance
of adequate and proper diagnostic tests and
procedures to determine the severity of Mrs. Lara
's condition, careful diagnosis of such condition,
employment of appropriate procedures, surgery
and/or treatment to correct such conditions
without injury upon Mrs. Lara and her singleton-
pregnancy, continuous evaluation and the effects
of such treatment, and adjustment of the course of
treatment in response to such ongoing surveillance
and evaluation, all of which Defendant failed to
do;

e.  her failure to possess and exercise that degree of
    skill, training and care as is possessed and
    exercised by the average qualified members of the
    medical profession practicing her specialty;

f.  her failure to inform and to warn of the risks
    involved in or associated with Mrs. Lara 's
    condition and failure to inform and to warn her
    about the treatment of said condition.

59.  As a direct and proximate result of the negligence,
carelessness and unskillfulness of the Defendant, Lauren E.
Hanley, M.D., Mrs. Lara, was caused to sustain severe and
permanent personal injuries including the death of her
singleton male-pregnancy.

**WHEREFORE**, the Plaintiffs, Mrs. Lara and Elvin Lara Individually
And As Administrators of the Estate Of Baby (Boy) Jose Angel Lara
, demand judgment against the Defendant, Lauren E. Hanley, M.D.,
in an amount which is just and appropriate to compensate them for
Jose Angel Lara's death and Mrs. Lara's and Elvin Lara's pain and
suffering and loss of consortium, together with interest and
costs.

23

## COUNT VIII

### (Lauren E. Hanley, M.D. - Gross Negligence - Wrongful Death)

60.    The Plaintiff, Mrs. Lara And Elvin Lara Individually And As
       Administrators Of The Estate Of Baby (Boy) Jose Angel Lara,
       repeat, reallege and incorporate fully herein Paragraphs One
       through Fifty-nine inclusive of this Complaint as if
       specifically set forth herein, paragraph by paragraph, word
       by word.

61.    As a direct and proximate result of the gross negligence,
       carelessness and unskillfulness of the Defendant, Lauren E.
       Hanley, M.D., Mrs. Lara and Elvin lara, was caused to
       sustain severe and permanent personal injuries including the
       death of her singleton male-pregnancy.

**WHEREFORE**, the Plaintiff, Mrs. Lara And Elvin Lara Individually

And As Administrators Of The Estate Of Baby (Boy) Jose Angel

Lara,  demand judgment against the Defendant, Lauren E. Hanley,

M.D., for punitive damages in causing the death of Jose Angel

Lara by her gross negligence in accordance with the provisions of

M.G.L. c. 229, as amended and applicable at times material

herein, in an amount which is just and appropriate to compensate

them for Baby (Boy) Jose Angel Lara, Lara's death, together with

interest and costs.

24

## COUNT IX

### (Erin E. Tracy, M.D., Negligence - Wrongful Death)

62. The Plaintiffs, Mrs. Lara And Elvin Lara Individually And As Administrators Of The Estate Of Baby (Boy) Jose Angel Lara repeat, realleges and incorporate fully herein Paragraphs One through Sixty-one inclusive of this Complaint as if specifically set forth herein, paragraph by paragraph, word by word.

63. At all times relevant to this complaint, the Defendant, Erin E. Tracy, M.D., represented and held herself out to be skilled in the treatment of various illnesses and conditions in the field of Obstetrics and, in particular, represented to the Plaintiff that she was knowledgeable, competent and qualified to diagnose and treat the Plaintiff on or about November of 2002 and thereafter.

64. On or about November of 2002 and thereafter, Mrs. Lara submitted herself to the care and treatment of the Defendant, Erin E. Tracy, M.D., who negligently and carelessly and without regard for the Plaintiff's health and well-being, treated the Plaintiff in a manner which resulted in severe personal injuries and the death of her singleton male-pregnancy.

65. The injuries sustained by Mrs. Lara were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the Defendant, Erin E. Tracy, M.D., including but not limited to the following:

   a. her misrepresentations to the Plaintiff, on or about November of 2002 and thereafter, that he was knowledgeable, skillful and competent to diagnose and treat Mrs. Lara's twin-pregnancy;

   b. her failure, on or about November of 2002 and thereafter, to adequately and properly diagnose the medical condition of the Plaintiff, and her failure to properly treat said condition;

25

      c.    her failure to recognize, or to have the knowledge
           to recognize, his inability and lack of skill to
           treat Mrs. Lara, when she knew or should have
           known of the foreseeable consequences of her
           inability and failure to properly and skillfully
           provide Mrs. Lara with acceptable medical care and
           treatment;

      d. her failure to exercise the degree of care, skill
          and judgment expected of a competent medical
          practitioner acting in the same or similar
          circumstances, which duty included the performance
          of adequate and proper diagnostic tests and
          procedures to determine the severity of Mrs. Lara 's
          condition, careful diagnosis of such condition,
          employment of appropriate procedures, surgery and/or
          treatment to correct such conditions without injury
          upon Mrs. Lara and her singleton-pregnancy,
          continuous evaluation and the effects of such
          treatment, and adjustment of the course of treatment
          in response to such ongoing surveillance and
          evaluation, all of which Defendant failed to do;

      e. her failure to possess and exercise that degree of
          skill, training and care as is possessed and
          exercised by the average qualified members of the
          medical profession practicing her specialty;

      f. her failure to inform and to warn of the risks
          involved in or associated with Mrs. Lara 's
          condition and failure to inform and to warn her
          about the treatment of said condition.

66. As a direct and proximate result of the negligence,
    carelessness and unskillfulness of the Defendant, Erin E.
    Tracy, M.D., Mrs. Lara, was caused to sustain severe and
    permanent personal injuries including the death of her
    singleton male-pregnancy.

**WHEREFORE**, the Plaintiffs, Mrs. Lara and Elvin Lara Individually
And As Administrators of the Estate Of Baby (Boy) Jose Angel Lara
, demand judgment against the Defendant, Erin E. Tracy, M.D., in
an amount which is just and appropriate to compensate them for

Jose Angel Lara's death and Mrs. Lara's and Elvin Lara's pain and suffering and loss of consortium, together with interest and costs.

### COUNT X

### (Erin E. Tracy, M.D. - Gross Negligence - Wrongful Death)

67.   The Plaintiff, Mrs. Lara And Elvin Lara Individually And As Administrators Of The Estate Of Baby (Boy) Jose Angel Lara, repeat, reallege and incorporate fully herein Paragraphs One through Sixty-six inclusive of this Complaint as if specifically set forth herein, paragraph by paragraph, word by word.

68.   As a direct and proximate result of the gross negligence, carelessness and unskillfulness of the Defendant, Erin E. Tracy, M.D., Mrs. Lara and Elvin lara, was caused to sustain severe and permanent personal injuries including the death of her singleton male-pregnancy.

**WHEREFORE**, the Plaintiff, Mrs. Lara And Elvin Lara Individually And As Administrators Of The Estate Of Baby (Boy) Jose Angel Lara,  demand judgment against the Defendant, Erin E. Tracy, M.D., for punitive damages in causing the death of Jose Angel Lara by her gross negligence in accordance with the provisions of M.G.L. c. 229, as amended and applicable at times material herein, in an amount which is just and appropriate to compensate them for Baby (Boy) Jose Angel Lara, Lara's death, together with interest and costs.

27

## COUNT XI

### (Ronald E. Iverson, M.D., Negligence - Wrongful Death)

69. The Plaintiffs, Mrs. Lara And Elvin Lara Individually And As
    Administrators Of The Estate Of Baby (Boy) Jose Angel Lara
    repeat, realleges and incorporate fully herein Paragraphs
    One through Sixty-eight inclusive of this Complaint as if
    specifically set forth herein, paragraph by paragraph, word
    by word.

70. At all times relevant to this complaint, the Defendant,
    Ronald E. Iverson, M.D., represented and held herself out to
    be skilled in the treatment of various illnesses and
    conditions in the field of Obstetrics and, in particular,
    represented to the Plaintiff that he was knowledgeable,
    competent and qualified to diagnose and treat the Plaintiff
    on or about November of 2002 and thereafter.

71. On or about November of 2002 and thereafter, Mrs. Lara
    submitted herself to the care and treatment of the
    Defendant, Ronald E. Iverson, M.D., who negligently and
    carelessly and without regard for the Plaintiff's health and
    well-being, treated the Plaintiff in a manner which resulted
    in severe personal injuries and the death of her singleton
    male-pregnancy.

72. The injuries sustained by Mrs. Lara were the direct and
    proximate result of the carelessness, unskillfulness,
    negligence and improper care and treatment by the Defendant,
    Ronald E. Iverson, M.D., including but not limited to the
    following:

    a. his misrepresentations to the Plaintiff, on or
       about November of 2002 and thereafter, that he was
       knowledgeable, skillful and competent to diagnose
       and treat Mrs. Lara's twin-pregnancy;
    b. his failure, on or about November of 2002 and
       thereafter, to adequately and properly diagnose
       the medical condition of the Plaintiff, and his
       failure to properly treat said condition;

28

        c.    his failure to recognize, or to have the knowledge
              to recognize, his inability and lack of skill to
              treat Mrs. Lara, when she knew or should have
              known of the foreseeable consequences of his
              inability and failure to properly and skillfully
              provide Mrs. Lara with acceptable medical care and
              treatment;

        d.    his failure to exercise the degree of care, skill
              and judgment expected of a competent medical
              practitioner acting in the same or similar
              circumstances, which duty included the performance
              of adequate and proper diagnostic tests and
              procedures to determine the severity of Mrs. Lara
              's condition, careful diagnosis of such condition,
              employment of appropriate procedures, surgery
              and/or treatment to correct such conditions
              without injury upon Mrs. Lara and her singleton-
              pregnancy, continuous evaluation and the effects
              of such treatment, and adjustment of the course of
              treatment in response to such ongoing surveillance
              and evaluation, all of which Defendant failed to
              do;

        e.    his failure to possess and exercise that degree of
              skill, training and care as is possessed and
              exercised by the average qualified members of the
              medical profession practicing his specialty;

        f.    his failure to inform and to warn of the risks
              involved in or associated with Mrs. Lara 's
              condition and failure to inform and to warn her
              about the treatment of said condition.

73.  As a direct and proximate result of the negligence,
     carelessness and unskillfulness of the Defendant, Ronald E.
     Iverson, M.D., Mrs. Lara, was caused to sustain severe and
     permanent personal injuries including the death of one of
     her singleton male-pregnancy.

**WHEREFORE**, the Plaintiffs, Mrs. Lara and Elvin Lara Individually
And As Administrators of the Estate Of Baby (Boy) Jose Angel Lara
, demand judgment against the Defendant, Ronald E. Iverson, M.D.,
in an amount which is just and appropriate to compensate them for

Jose Angel Lara's death and Mrs. Lara's and Elvin Lara's pain and suffering and loss of consortium, together with interest and costs.

#### COUNT XII

#### (Ronald E. Iverson, M.D. - Gross Negligence - Wrongful Death)

74. The Plaintiff, Mrs. Lara And Elvin Lara Individually And As Administrators Of The Estate Of Baby (Boy) Jose Angel Lara, repeat, reallege and incorporate fully herein Paragraphs One through Seventy-three inclusive of this Complaint as if specifically set forth herein, paragraph by paragraph, word by word.

75. As a direct and proximate result of the gross negligence, carelessness and unskillfulness of the Defendant, Ronald E. Iverson, M.D., Mrs. Lara and Elvin lara, was caused to sustain severe and permanent personal injuries including the death of her singleton male-pregnancy.

WHEREFORE, the Plaintiff, Mrs. Lara And Elvin Lara Individually And As Administrators Of The Estate Of Baby (Boy) Jose Angel Lara,  demand judgment against the Defendant, Ronald E. Iverson, M.D., for punitive damages in causing the death of Jose Angel Lara by her gross negligence in accordance with the provisions of M.G.L. c. 229, as amended and applicable at times material herein, in an amount which is just and appropriate to compensate them for Baby (Boy) Jose Angel Lara, Lara's death, together with interest and costs.

30

**PLAINTIFF DEMANDS TRIAL BY JURY.**

MRS. LARA and Elvin Lara   Individually
and as Administrators of the Estate of
Baby (boy) Jose Angel Lara
By their attorneys,

Max Borten, M.D., J.D., BBO # 550115
GOROVITZ & BORTEN, P.C.
395 Totten Pond Road, Suite 401
Waltham, MA 02451
(781) 890-9095

**Dated:** October 29, 2004

I HEREBY ATTEST AND CERTIFY ON

MAY 26, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY

ASSISTANT CLERK.

31

| CIVIL ACTION COVER SHEET | DOCKET NO(S) | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

PLAINTIFF(S) ANNIE MARIE LARA AND ELVIN LARA, INDIV. & AS PARENTS AND BEST FRIENDS OF BABY LARA

DEFENDANT(S) PATRICIA GRABAUSKAS, CNM & OLGA CORDERA, R.N., EAST BOSTON HEALTH CENTER, ET AL

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE **Max Borten, M.D. JD BBO #550115**
Gorovitz & Borten, P.C.
395 Totten Pond Road, Suite 401
Waltham, MA 02451

Board of Bar Overseers number:
781-890-9095

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B 06 | MEDICAL MALPRACTICE | ( ) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
                                                                   Subtotal $ . . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . $ 20,000
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 30,000
F. Other documented items of damages (describe) PAIN SUFFERING (EMOTIONAL/PHYSICAL) $ 300,000

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)  TOTAL $ 350,000
MS. LARA WAS INFERTILE FOR OVER 10 YEARS BEFORE SHE BECAME PREGNANT WITH BABY JOSE ANGEL LARA. SHE WAS DIAGNOSED WITH DIABETES DURING HER PREGNANCY AND NOTWITHSTANDING HER HIGH RISK PREGNANCY, WAS CARED FOR BY THE DEFENDANT NURSING AND MEDICAL PROVIDERS WITHOUT ACTUALLY REFERRING HER FOR HIGH RISK OBSTETRICAL CARE.

**CONTRACT CLAIMS**
(Attach additional sheets as necessary) BABY LARA DIED AT
Provide a detailed description of claim(s): TERM IN UTERO.

                                                                   TOTAL $ . . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT  None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     DATE: 11/3/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

MAY 26, 2005          THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

# Commonwealth of Massachusetts

3

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. **04-4802H**

*ANNE MARIE LARA AND ELVIN LARA, Et AL*

_____ , Plaintiff(s)

*PATRICIA GRABAUSKAS, C.N.M.; OLGA CORDERO, R. N.; EAST BOSTON NEIGHBORHOOD HEALTH CENTER;* Defendant(s)
*LAUREN E. HANLEY, M.D.; ERIN E. TRACY, M.D.; AND RONALD E. IVERSON, M.D.*

## SUMMONS

To the above-named Defendant: *EAST BOSTON NEIGHBORHOOD HEALTH CENTER*

You are hereby summoned and required to serve upon **Sidney Gorovitz**
**Gorovitz & Borten, P.C.**
**395 Totten Pond Road, Suite 401**
plaintiff's attorney, whose address is_____ **Waltham, MA 02451** _____ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Suzanne V. DelVecchio~~ **Barbara J. Rouse**, Esquire, at Boston, the_____ day of
_____ , in the year of our Lord two thousand _____ *FOUR* _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM CIV.P. 1 3rd Rev.

**I HEREBY ATTEST AND CERTIFY ON**

**MAY 26, 2005   THAT THE**

**FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.**

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

4

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

ANNE MARIE LARA AND No. 04-4802H
ELVIN LARA ET AL
, Plaintiff(s)

PATRICIA GRABAUSKAS, C.N.M.;
OLGA CORDERO, R.N.; EAST BOSTON NEIGHBORHOOD HEALTH CENTER;
LAUREN E. HANLEY, M.P.; ERIN E. TRACY, M.D.; AND
RONALD E. IVERSON, M.P.

SUMMONS

To the above-named Defendant: PATRICIA GRABAUSKAS, C.N.M.

Sidney Gorovitz

You are hereby summoned and required to serve **Gorovitz & Borten, P.C.**
**395 Totten Pond Road, Suite 401**
**Waltham, MA 02451**

plaintiff's attorney, whose address is _____, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** ~~Suzanne V. DelVecchio~~, Esquire, at Boston, the _____ day of
_____, in the year of our Lord two thousand FOUR .

Michael Joseph Donovan

Clerk/Magistrate

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED.
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER.

FORM CIV.P. 1 3rd Rev.

**I HEREBY ATTEST AND CERTIFY ON**

MAY 26, 2005 , THAT THE

**FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT**
By _____

ASSISTANT CLERK.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

5

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. **04-4802 H**

_ANNE MARIE LARA AND_

_ELVEN LARA, ET AL_

, Plaintiff(s)

_PATRICIA GRABAUSKAS, C.N.M.; OLGA CORDERO, R.N.;_
_EAST BOSTON NEIGHBORHOOD HEALTH CENTER_ Defendant(s)
_LAUREN E. HANLEY, M.D.; ERIN E. TRACY, M.D.; AND_
_RONALD E. IVERSON, M.D._

**SUMMONS**

To the above-named Defendant: _OLGA CORDERO, R.N._

You are hereby summoned and required to serve up

Sidney Gorovitz
Gorovitz & Borten, P.C.
395 Totten Pond Road, Suite 401
Waltham, MA  02451

plaintiff's attorney, whose address is _____ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

Witness, ~~Suzanne V. DelVecchio~~, Esquire, at Boston, the _2nd_ _____ day of

_____ , in the year of our Lord two thousand _Four_ .

_Michael Joseph Donovan_

Clerk/Magistrate

**NOTES**

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED.
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON

**MAY 26, 2005** THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Lorraine A. Amaca_

ASSISTANT CLERK.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

6

CIVIL DOCKET #    SUCV2004-04802

RE: **Lara et al v Grabauskas SNM et al**

TO: Max Borten
Gorovitz & Borten
395 Totten Pond Road
Suite 401
Waltham, MA  02451  2013

## ORDER OF

## DISMISSAL UNDER STANDING ORDER 1 - 88

This action came on before the Court, pursuant to Standing Order 1-88, and it appearing that service of process has not been completed upon the defendant(s) named below, it is ORDERED that the complaint is hereby dismissed, without prejudice, with respect to said defendant(s).

Hanley MD, Lauren E
Iverson MD, Ronald E
Tracy MD, Erin E

This order may be vacated only by the Regional Administrative Justice (or designee).

Dated this 17th day of February, 2005.

Raymond J Brassard

Michael Joseph Donovan
Clerk of Courts

BY:

Nancy E. Goldrick
Assistant Clerk

Telephone: 617-788-8110

I HEREBY ATTEST AND CERTIFY ON

MAY 26, 2005   THAT THE

FORESOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

Copies mailed.



**COMMONWEALTH OF MASSACHUSETTS**

3-8
3-8

**SUFFOLK, ss.**

**SUPERIOR COURT**
**CIVIL ACTION NO. 04 - 4802 -H**

```
ANNE MARIE LARA and ELVIN LARA Individually and     )
as Parents and Best Friends of BABY (boy)           )
JOSE ANGEL LARA                                     )
                                                    )
                        Plaintiffs                  )
                                  Allowed.          )
                                                    )
                v.                                  )
                                  Must id.          )
PATRICIA GRABAUSKAS, C.N.M..,     8 md.05           )
OLGA CORDERO, R.N.                                  )
EAST BOSTON NEIGHBORHOOD HEALTH CENTER              )
LAUREN E. HANLEY, M.D.                              )
ERIN E. TRACY, M.D., and                            )
RONALD E. IVERSON, M.D.                             )
                                                    )
                                                    )
                        Defendants                  )
```

notice
sent
3/9/05
J.H.
Y+B
E.E.C.
J.B.H.
Va. e.H.
W+Y
T.a.W.
M.M.
(mk)

## PLAINTIFFS' VERIFIED MOTION TO VACATE ORDER OF DISMISSAL UNDER

## STANDING ORDER 1-88 (ASSENTED TO)

Now comes the Plaintiff in this matter, through counsel, and respectfully moves

that the Order of Dismissal Under Standing Order 1-88, entered on February 17,

2005, be VACATED.

In support of this Motion to Vacate, Plaintiff states the following:

(1) This action is for allegations of medical malpractice against several medical providers.

(2) The Complaint was duly filed with the Clerk's office, Suffolk Superior Court on: November 3, 2004.

(3) On or about December 16, 2004, Plaintiff's counsel coordinated a direct acceptance of service of the Summons and the Complaint through the office of legal counsel, Massachusetts General Hospital, with regard to the following Defendants: Dr. Lauren E. Hanley; Dr. Erin E. Tracy; and, Dr. Ronald E. Iverson. A true and correct copy of the transmittal letter from Plaintiff's counsel to the office of legal counsel at Massachusetts General Hospital (who employed the three defendant physicians during the applicable time frame) confirming this arrangement, together with the certified mail receipt, is attached hereto, made part hereof and designated as Exhibit A.

(4) On December 27, 2004, not having yet received the executed Summonses from the office of legal counsel, Plaintiff's counsel followed up with Attorney Marilyn McMahon in the office of legal counsel at Massachusetts General Hospital. This communication was made by fax transmission and by first class mail. A true and correct copy of the December 27, 2004 materials is attached hereto, made part hereof and designated as Exhibit B.

(5) On January 7, 2005, Attorney Ellen Epstein Cohen of the Boston law firm of Adler, Cohen, Harvey, Wakeman & Guekguezian filed a Notice of Appearance with the Clerks Office, Suffolk Superior Court, for the three

2

Defendant physicians: Dr. Lauren E. Hanley; Dr. Erin E. Tracy; Dr. Ronald

E. Iverson, among others. A true and correct copy of the filing of the Notice

of Appearance on behalf of the subject Defendants, with the Clerk's office

of Suffolk Superior Court, on January 7, 2005, is attached hereto, made

part hereof and designated as Exhibit C.

(6) Although the filing of the Notices of Appearance by Attorney Ellen Epstein

Cohen would seem to have cured the issue of acceptance of the

Summons, on January 19, 2005 Plaintiff's counsel duly followed up the

absence of the executed summonses with Attorney Ellen Epstein Cohen.

A true and correct copy of that communication, dated January 19, 2005,

delivered to Attorney Cohen via first class mail and fax transmission, is

attached hereto, made part hereof and designated as Exhibit D. Specific

reference is made to the first page of the letter, third paragraph.

(7) It is quite clear that service was accepted through Attorney Marilyn

McMahon in the Office of Legal Counsel of the Massachusetts General

Hospital, which is the employer of the three subject physicians. Further,

Notices of Appearance were filed by Attorney Ellen Epstein Cohen on

behalf of the three Defendant physicians who are the subject of the Order

of Dismissal. Had service not been properly effectuated and accepted,

then a Notice of Appearance would not have been filed on behalf of the

three Defendant physicians by the Office of Attorney Epstein Cohen.

(8) In summary, due process has been served in that the appropriate

representative for the three Defendant physicians was duly served with the

3

requisite time frame set forth in time standards. Furthermore, qualified

counsel was appropriately retained for the three Defendant physicians, and

that counsel has since filed a Notice of Appearance on behalf of each of the

three Defendant physicians, also within the requisite time frame of time

standards for this case.

(9) Therefore, with the acknowledgement of the Notice of Appearance having

been filed by counsel of behalf of the three Defendant physicians, all within

the time standards set forth in standing order 1-88, the February 17, 2005

Order of Dismissal (without predjudice) of the Plaintiffs Complaint with

regard to these three Defendant physicians should be vacated.

WHEREFORE, Plaintiffs has presented appropriate support to warrant the

vacating of the Order of Dismissal Under Standing Order 1-88, dated February 17,

2005, and Plaintiff respectfully requests that such Order of Dismissal be Vacated.

Respectfully submitted this __ day of February, 2005 under the pains of perjury.

For the Plaintiffs
By their attorneys,
GOROVITZ & BORTEN

I HEREBY ATTEST AND CERTIFY ON
MAY 26, 2005
_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

Sidney Gorovitz, Esquire
c/o Gorovitz & Borten, P.C.
395 Totten Pond Road
Suite 401
Waltham, MA 02451-2013
Tel: (781) 890-9095
Fax: (781) 890-9098

4

The foregoing Motion is hereby assented to:

East Boston Neighborhood Health Center;
Olga Cordero, R.N.; and
Patricia Grabauskas, R.N.
By their Attorney,

By _____
Atty. Tory Weigand
C/o Morrison, Mahoney & Miller
250 Summer Street
Boston, MA 02210-1181

Lauren E. Hanley, M.D.;
Erin E. Tracy, M.D.;
Ronald E. Iverson, M.D.
By their Attorney

By _____
Atty. Ellen Epstein Cohen
C/o Adler, Cohen, Harvey, Wakeman & Guekguezian
230 Congress Street
Boston, MA 02210

## **VERIFICATION**

I, Sidney Gorovitz, having been duly sworn, depose and state as follows:

(1) that I am an Attorney in good standing with the Commonwealth of Massachusetts, having been admitted to the Bar in 1971. I maintain a usual place of practice care of Gorovitz & Borten, 395 Totten Pond Rd, Waltham, MA 02451.

(2) Together with my partner, Max Borten, M.D., J.D., I am co-counsel for the Plaintiff in the above captioned litigation.

(3) I am familiar with the representations and allegations set forth in the attached verified Motion to Vacate Order of Dismissal Under Standing Order 1-88. I am familiar with the representations and allegations set forth therein, together with the supporting materials, of my own personal knowledge, information and belief. To the extent that I have relied on information and belief, I believe such information and belief to be true and correct.

Respectfully submitted this ___ day of February, 2005 under the pains of perjury.

 

 

 
_____
Sidney Gorovitz, Esquire
c/o Gorovitz & Borten, P.C.
395 Totten Pond Road
Suite 401
Waltham, MA 02451-2013
Tel: (781) 890-9095
Fax: (781) 890-9098

6



**Gorovitz**

**& Borten**

Attorneys at Law

395 Totten Pond Road, Suite 401
Waltham, MA 02451-2013
Tel: (781) 890-9095
Fax: (781) 890-9098

Max Borten, M.D., J.D.
Sidney Gorovitz, Esquire

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED (7004 1350 0005 7860 6974)

December 16, 2004

Marilyn McMahon
C/O Massachusetts General Hospital – Office of Legal Counsel
50 Stanaford Street, 10th Floor, Suite 1000
Boston, MA 02114

Re:    Anne Marie Lara and Elvin Lara Individually and as Parents and Best Friends
       of baby (boy) Jose Angel Lara v. Patricia Grabauskas, C.N.M., Olga Cordero,
       R.N. East Boston Neighborhood Health Center Lauren E. Hanley, M.D. Erin
       E. Tracy, M.D., and Ronald E. Iverson, M.D.
       Suffolk Superior Court, Civil Action No. 04-4802

Dear Ms. McMahon:

Thank you for your efforts in cooperating with this office.

Massachusetts General Hospital has, through its office of legal counsel, agreed to
accept service on behalf of the following three physicians:

(a) Dr. Lauren E. Hanley;

(b) Dr. Erin E. Tracy;

(c) Dr. Ronald E. Iverson.

Enclosed herewith please find the following documents and materials:

(1) an original and a copy of the court Summons, for each of the three named
    physicians;

(2) three copies of the Complaint and demand for jury trial;

(3) three copies of the uniform counsel certification: alternative dispute resolution.

On the reverse side of each of the three original summonses, please sign
designating your acceptance of the service of process.    Your representative title
should also be included below your signature.

$Ex\ A\ ^1/_3$

I have enclosed a self-addressed stamped envelope for your convenience in returning all three original summonses, executed by you, to this office.

Would you please contact me at once if you have any questions, need any additional information, or the above arrangement is not consistent with your understanding.

Again, thank you for your cooperation.

Very Truly Yours,

Sidney Gorovitz, Esquire
SG/pb
Enc.

Cc:    Max Borten, M.D., J.D.

$\mathcal{E}_x A^{2/3}$

LARA

**UNITED STATES POSTAL SERVICE**

```
***** WELCOME TO *****
   NORTH WALTHAM BRANCH
   WALTHAM, MA  02452-4849
        12/16/04 02:32PM

Store  USPS           Trans    130
Wkstn  sys5003        Cashier  KKNW3X
Cashier's Name        WILLIAM
Stock Unit Id         SIABILL
PO Phone Number       781-893-9520
USPS #                2407980454

1. Priority Mail                   8.00
   Destination:       02128
   Weight:            1 lb. 8.60 oz.
   Postage Type:      PVI
   Total Cost:        8.00
   Base Rate:         3.95
            SERVICES
   Certified Mail                  2.30
   7004135000057860698l
   Rtn Recpt (Green Card)          1.75
2. Priority Mail                   8.00
   Destination:       02114
   Weight:            1 lb. 2.60 oz.
   Postage Type:      PVI
   Total Cost:        8.00
   Base Rate:         3.95
            SERVICES
   Certified Mail                  2.30
   7004135000578606974
   Rtn Recpt (Green Card)          1.75

Subtotal                         16.00
Total                            16.00

MasterCard                       16.00

        <23-902880814-97>

MasterCard
ACCT. NUMBER           EXP       CLERK ID
XXXX XXXX XXXX 8792    03/06     05
AUTH 016685   CREDIT TRANS # 353

ALL SALES FINAL ON STAMPS AND POSTAGE.
REFUNDS FOR GUARANTEED SERVICES ONLY.

Number of Items Sold: 2

            Thank You
        Please come again!
```



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

OFFICIAL USE

BOSTON, MA 02114

| | | |
|---|---|---|
| Postage | $ 3.95 | UNIT ID: 0454 |
| Certified Fee | 2.30 | Postmark Here |
| Return Reciept Fee (Endorsement Required) | 1.75 | Clerk: KKNW3X |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 8.00 | 12/16/04 |

Sent To  Marilyn McMahon c/o: Mass Gen
Street, Apt. No.,  Hospital - Legal Office
or PO Box No.  50 Stanaford St, 10th Fl, suite
City, State, ZIP+4  Boston, MA 02114

7004 1350 0005 7860 6974

PS Form 3800, June 2002          See Reverse for Instructions

Ex A 3/3

# Gorovitz
## & Borten

Attorneys at Law

395 Totten Pond Road, Suite 401
Waltham, MA 02451-2013
Tel: (781) 890-9095
Fax: (781) 890-9098

Max Borten, M.D., J.D.
Sidney Gorovitz, Esquire

**VIA FIRST CLASS MAIL & FACSIMILE 617-726-1665**

December 27, 2004

Marilyn McMahon, Esq.
C/O Massachusetts General Hospital – Office of Legal Counsel
50 Stanaford Street, 10th Floor, Suite 1000
Boston, MA 02114

Re:    Anne Marie Lara and Elvin Lara Individually and as Parents and Best Friends
       of baby (boy) Jose Angel Lara v. Patricia Grabauskas, C.N.M., Olga Cordero,
       R.N. East Boston Neighborhood Health Center Lauren E. Hanley, M.D. Erin
       E. Tracy, M.D., and Ronald E. Iverson, M.D.
       Suffolk Superior Court, Civil Action No. 04-4802

Dear Attorney McMahon:

On December 16, 2004, I served you with 3 original Summonses, copies of the
Complaint and alternative dispute resolution as you and I had previously agreed by
telephone.

At this time, I have not received the original Summonses, accepted by you, on behalf
of Dr. Lauren E. Hanley; Dr. Erin E. Tracy; and Dr. Ronald E. Iverson.

Would you please forward the executed summonses to me at your earliest possible
convenience. If, for some reason, you are no longer willing to accept service on
behalf of these three Defendants, as we had previously discussed and agreed,
please let me know at once and I will make arrangements for alternative service by
Suffolk County Deputy Sheriff. It was our mutual expression that such service would
not be necessary.

I look forward to your continuing cooperation.

Again, thank you for your cooperation.

Very Truly Yours,

Sidney Gorovitz, Esquire
SG/ph

Ex. B 1/2



# Gorovitz

## & Borten

Attorneys at Law

395 Totten Pond Road, Suite 401
Waltham, MA 02451-2013
Tel: (781) 890-9095
Fax: (781) 890-9098

Max Borten, M.D., J.D.
Sidney Gorovitz, Esquire

## FACSIMILE TRANSMISSION COVER SHEET
### ATTENTION:

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended <u>only for use</u> <u>of the Addressee named below.</u> If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone at (781) 890-9095 and return the original facsimile to us at the above address via the U.S. Postal Service. We will reimburse you for all expenses incurred. Thank you.

**TO:**        Marilyn McMahon, Esquire
**FAX No.:**   617-726-1665
**Date:**      12/27/2004
**RE:**        Lara v. Grabauskas et al
**FROM:**      Sidney Gorovitz, Esquire

FAXED

**NUMBER OF PAGES (INCLUDING COVER SHEET):** 2

**MESSAGE:** See attached.

Ex B 2/2

If you do not receive all the pages, please call (781) 890-9095 as soon as possible.

# ADLER, COHEN, HARVEY,
# WAKEMAN & GUEKGUEZIAN

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

SIDNEY W. ADLER
ELLEN EPSTEIN COHEN
ALEXANDRA B. HARVEY
GEORGE E. WAKEMAN, JR. *
A. BERNARD GUEKGUEZIAN
LAURA BERG SUSICH
MICHAEL F. CONWAY
JENNIFER BOYD MERLIHY*
ERIN M. BROWN
KRISTEN L. CLARKE
JUDITH FEINBERG
BROOKS L. GLAHN
JOHN R. PELLETIER
MICHAEL B. BARKLEY
JENNIFER A. NORTON
E. AMY TUCCI

* also admitted in RI

January 7, 2005

Civil Clerk's Office
Suffolk Superior Court
U.S. Post Office & Courthouse
90 Devonshire Street
Boston, MA 02109

Re:   Anne Marie Lara, et als vs. Patricia Grabauskas, C.N.M., et als
      Suffolk Superior Court, CA# 04-4802

Dear Madam/Sir:

With reference to the above matter, enclosed please find the following:

1.   Notice of Appearance for Patricia Grabauskas, C.N.M.;
2.   Notice of Appearance for Lauren E. Hanley, M.D.,
3.   Notice of Appearance for Erin E. Tracy, M.D.,
4.   Notice of Appearance for Ronald E. Iverson, Jr., M.D., and
5.   Certificate of Service.

Kindly file and docket same. Thank you for your attention to this matter.

Very truly yours,

Ellen Epstein Cohen

EEC/cmc
Enclosures
Cc:   Max Borten, M.D., J.D.

*Ex C ⅙*

230 CONGRESS STREET BOSTON, MASSACHUSETTS 02110
TELEPHONE 617 423 6674 / TELEFAX 617 423 7152
E-MAIL AACH@AACHLAW.COM / WEBSITE WWW.AACHLAW.COM

## CERTIFICATE OF SERVICE

I, Ellen Epstein Cohen, attorney for the defendants, Patricia Grabauskas, C.N.M., Lauren E. Hanley, M.D., Erin E. Tracy, M.D., and Ronald E. Iverson, Jr., M.D., hereby certify that on this 7th day of January, 2005, I served a copy of the following:

1.   Notice of Appearance for Patricia Grabauskas, C.N.M.;
2.   Notice of Appearance for Lauren E. Hanley, M.D.,
3.   Notice of Appearance for Erin E. Tracy, M.D., and
4.   Notice of Appearance for Ronald E. Iverson, Jr., M.D.

By mailing said copy, postage prepaid, to:

Max Borten, M.D., J.D.
GOROVITZ & BORTEN, P.C.
395 Totten Pond Road – Suite 401
Waltham, MA 02451

Ellen Epstein Cohen

$Ex C^2/6$

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
C.A. NO.: 04-4802

ANNE MARIE LARA and ELVIN LARA )
Individually and as Parents and Best Friends )
of BABY (boy) JOSE ANGEL LARA )
Plaintiffs, )
)
V. )
)
PATRICIA GRABAUSKAS, C.N.M., )
OLGA CORDERO, R.N., )
EAST BOSTON NEIGHBORHOOD )
HEALTH CENTER, )
LAUREN E. HANLEY, M.D., )
ERIN E. TRACY, M.D., and )
RONALD E. IVERSON, M.D. )
Defendants. )
_____ )

**NOTICE OF APPEARANCE**

To the Clerk of this Court and All Parties of Record:

Please enter our appearance as counsel in this case for the defendant, Patricia
Grabauskas, C.N.M.

The Defendant,
Patricia Grabauskas,
By Her Attorneys,

Ellen Epstein Cohen, BBO # 543136
Jennifer Boyd Herlihy, BBO # 636815
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
230 Congress Street, 10th Floor
Boston, MA 02110
(617) 423-6674

ExC 3/6

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT
                                                     C.A. NO.: 04-4802

ANNE MARIE LARA and ELVIN LARA   )
Individually and as Parents and Best Friends )
of BABY (boy) JOSE ANGEL LARA    )
             Plaintiffs,         )
                                 )
V.                               )
                                 )
PATRICIA GRABAUSKAS, C.N.M.,     )        **NOTICE OF APPEARANCE**
OLGA CORDERO, R.N.,              )
EAST BOSTON NEIGHBORHOOD         )
HEALTH CENTER,                   )
LAUREN E. HANLEY, M.D.,          )
ERIN E. TRACY, M.D., and         )
RONALD E. IVERSON, M.D.          )
             Defendants.         )
_____)

To the Clerk of this Court and All Parties of Record:

        Please enter our appearance as counsel in this case for the defendant, Lauren
E. Hanley, M.D.

                                        The Defendant,
                                        Lauren E. Hanley, M.D.
                                        By Her Attorneys,


                                        Ellen Epstein Cohen, BBO # 543136
                                        Jennifer Boyd Herlihy, BBO # 636815
                                        Adler, Cohen, Harvey, Wakeman
                                         & Guekguezian, LLP
                                        230 Congress Street, 10th Floor
                                        Boston, MA 02110
                                        (617) 423-6674

$Ex C$ 4/b

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                     SUPERIOR COURT
                                                 C.A. NO.: 04-4802

| | |
|---|---|
| ANNE MARIE LARA and ELVIN LARA )<br>Individually and as Parents and Best Friends )<br>of BABY (boy) JOSE ANGEL LARA )<br>           Plaintiffs, )<br>)<br>V. )<br>)<br>PATRICIA GRABAUSKAS, C.N.M., )<br>OLGA CORDERO, R.N., )<br>EAST BOSTON NEIGHBORHOOD )<br>HEALTH CENTER, )<br>LAUREN E. HANLEY, M.D., )<br>ERIN E. TRACY, M.D., and )<br>RONALD E. IVERSON, M.D. )<br>           Defendants. )<br>) | **NOTICE OF APPEARANCE** |

To the Clerk of this Court and All Parties of Record:

Please enter our appearance as counsel in this case for the defendant,
Erin E. Tracy, M.D.

The Defendant,
Erin E. Tracy, M.D.
By Her Attorneys,

Ellen Epstein Cohen, BBO # 543136
Jennifer Boyd Herlihy, BBO # 636815
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
230 Congress Street, 10th Floor
Boston, MA 02110
(617) 423-6674

$\mathcal{E}_x C$ 5/6

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                C.A. NO.: 04-4802

_____
ANNE MARIE LARA and ELVIN LARA  )
Individually and as Parents and Best Friends )
of BABY (boy) JOSE ANGEL LARA    )
                Plaintiffs,      )
                                 )
                                 )
V.                               )
                                 )
PATRICIA GRABAUSKAS, C.N.M.,      )        **NOTICE OF APPEARANCE**
OLGA CORDERO, R.N.,              )
EAST BOSTON NEIGHBORHOOD         )
HEALTH CENTER,                   )
LAUREN E. HANLEY, M.D.,          )
ERIN E. TRACY, M.D., and         )
RONALD E. IVERSON, M.D.          )
                Defendants.      )
_____)

To the Clerk of this Court and All Parties of Record:

        Please enter our appearance as counsel in this case for the defendant, Ronald
E. Iverson, M.D.

                                The Defendant,
                                Ronald E. Iverson, M.D.
                                By His Attorneys,

                                _____
                                Ellen Epstein Cohen, BBO # 543136
                                Jennifer Boyd Herlihy, BBO # 636815
                                Adler, Cohen, Harvey, Wakeman
                                 & Guekguezian, LLP
                                230 Congress Street, 10th Floor
                                Boston, MA  02110
                                (617) 423-6674



# Gorovitz
## & Borten

Attorneys at Law

395 Totten Pond Road, Suite 401
Waltham, MA 02451-2013
Tel: (781) 890-9095
Fax: (781) 890-9098

Max Borten, M.D., J.D.
Sidney Gorovitz, Esquire

VIA FIRST CLASS MAIL & FACSIMILE 617-423-7152

January 19, 2005

Attorney Ellen Epstein Cohen
C/o Adler, Cohen, Harvey, Wakeman & Guekguezian
230 Congress St
Boston, MA 02210

Re:    Anne Marie Lara and Elvin Lara Individually and as Parents and Best Friends
       of baby (boy) Jose Angel Lara v. Patricia Grabauskas, C.N.M., Olga Cordero,
       R.N. East Boston Neighborhood Health Center Lauren E. Hanley, M.D. Erin
       E. Tracy, M.D., and Ronald E. Iverson, M.D.
       Suffolk Superior Court, Civil Action No. 04-4802

Dear Ellen:

Please allow this to serve as an update of our efforts to have Anne Marie Lara
appointed as the Administrator.

On Tuesday, January 18th, the Probate materials that I had previously provided to
you were accepted at Suffolk Probate Court. As you know, a citation needs to be
published in the local newspaper in East Boston. I am expecting receipt of that
citation within the next 7-10 days. Publication requires two consecutive weekly
publications. I will forward a copy of the citation to you upon receipt, and will have it
immediately published in (I believe) the East Boston Times (the local newspaper in
that area).

On a related subject, I had provided the court Summonses for Dr. Hanley, Dr. Tracy
and Dr. Iverson to Marilyn McMahon, Attorney for the Risk Management unit at
Mass. General Hospital. I know that you have already filed Notices of Appearance
on behalf of these three named Defendants. However, I would also like to have the
original summonses accepted either by Attorney McMahon or yourself on behalf of
these three named Defendants, and returned to me. Then, I will have the returns of
service docketed with the Clerk's office, Suffolk Superior Court.

Please note that the summons for Nurse Grabauskas was already accepted by Dr.
Taylor, the chief operating officer at the East Boston Neighborhood Health Center.
The return of service for the summonses for Nurse Grabauskas, Nurse Cordero and
the East Boston Neighborhood Health Center have already been filed with the Clerk
of Court at Suffolk Superior Court.

$\mathcal{E}_x \mathcal{D}^{1/3}$

Please give me a call if you have any questions.

Very truly yours,

Sidney Gorovitz, Esquire
SG/pb

CC.    Attorney Tory Weigand
       C/o Morrison, Mahoney & Miller (fax)

$\mathcal{E}x \, D \, ^2/_3$

```
TRANSMISSION VERIFICATION REPORT
```

```
TIME    : 01/19/2005 10:47
NAME    : GOROVITZ BORTEN PC
FAX     : 7818909098
TEL     : 7818909098
SER.#   : BROF2J504470
```

| | |
|---|---|
| DATE,TIME | 01/19  10:46 |
| FAX NO./NAME | 16174237152 |
| DURATION | 00:00:47 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# Gorovitz
# & Borten
### Attorneys at Law

395 Totten Pond Road, Suite 401
Waltham, MA 02451-2013
Tel: (781) 890-9095
Fax: (781) 890-9098

Max Borten, M.D., J.D.
Sidney Gorovitz, Esquire

## FACSIMILE TRANSMISSION COVER SHEET
## ATTENTION:

This facsimile contains **PRIVILEGED AND CONFIDENTIAL INFORMATION** intended <u>only for use of the Addressee named below</u>. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone at (781) 890-9095 and return the original facsimile to us at the above address via the U.S. Postal Service. We will reimburse you for all expenses incurred. Thank you.

**TO:**       Ellen Epstein Cohen, Esquire
            Tory Weigand, Esquire
**FAX No.:**  617-423-7152
**Date:**     1/19/2005
**RE:**       <u>Anne Marie Lara and Elvin Lara Individually and as Parents and Best Friends of baby (boy) Jose Angel Lara v. Patricia Grabauskas, C.N.M., Olga Cordero, R.N., East Boston Neighborhood Health Center, Lauren E. Hanley, M.D. Erin E. Tracy, M.D., and Ronald E. Iverson, M.D.</u>
            Suffolk Superior Court, Civil Action No. 04-4802
**FROM:**     Sidney Gorovitz, Esquire

**NUMBER OF PAGES (INCLUDING COVER SHEET): 3**

Ex D 3/3

**MESSAGE:** See attached.

## CERTIFICATE OF SERVICE

I, Sidney Gorovitz, Esquire, hereby certify that on March 2, 2005, I served copies
of the following documents: Plaintiff's Motion To Vacate Order of Dismissal
Under Standing Order 1-88, upon Ellen Epstein Cohen, Esquire and Tory
Weigand, Esquire by delivering a true copy to Defendants' counsel of record by
facsimile and by first class mail, postage prepaid, as follows:

Attorney Jennifer Boyd Herlihy
C/o Adler, Cohen, Harvey, Wakeman & Guekguezian
230 Congress St
Boston, MA 02210

Attorney Tory A. Weigand
C/o Morrison Mahoney & Miller
250 Summer St
Boston, MA 02210-1181

Sidney Gorovitz, Esquire, BBO#204300
Gorovitz & Borten, P.C.
395 Totten Pond Road, Suite 401
Waltham, MA 02451
Tel: (781) 890-9095
Fax: (781) 890-9098

# Commonwealth of Massachusetts
## County of Suffolk
### The Superior Court

8

CIVIL DOCKET #    SUCV2004-04802

RE: **Lara et al v Grabauskas CNM et al**

TO: Max Borten
Gorovitz & Borten
395 Totten Pond Road
Suite 401
Waltham, MA  02451  2013

## ORDER OF DEFAULT UNDER STANDING ORDER 1 - 88

This action came on before the Court, pursuant to Standing Order 1-88 and the defendant(s) named below having failed to respond to the complaint, it is ORDERED that the said defendant(s) is(are) hereby DEFAULTED.

Cordero RN, Olga
East Boston Neighborhood Health Center,
Grabauskas CNM, Patricia

The plaintiff shall file:

1) A motion for an assessment of damages and default judgement pursuant to Mass.R.Civ.P.55(b)2 and subject to Mass.R.Civ.P.54(b) by 06/04/2005, or

2) A request for Default judgement pursuant to Mass.R.Civ.P 55(b)1 and subject to Mass.R.Civ.P.54(b) by 06/04/2005 (contract-sum certain only).

Dated this 5th day of May, 2005.

Ralph D. Gants, Justice

Michael Joseph Donovan
Clerk of Courts

BY:

Nancy E. Goldrick
Assistant Clerk

I HEREBY ATTEST AND CERTIFY ON
MAY 26, 2005 _____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE, AND
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

Telephone: 617-788-8147

ASSISTANT CLERK.

Copies mailed.

9

NOTIFY COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                               CIVIL ACTION NO: 2004-4802

```
                                    )
ANNE MARIE LARA and ELVIN LARA      )
Individually and as Parents and Best Friends )
of BABY (boy) JOSE ANGEL LARA,      )
            Plaintiffs,             )
                                    )
     v.                             )
                                    )
PATRICIA GRABAUSKAS, C.N.M.,        )
OLGA CORDERO, R.N., EAST BOSTON     )
NEIGHBORHOOD HEALTH CENTER,         )
LAUREN E. HANLEY, M.D., ERIN E.     )
TRACY, M.D. and RONALD E.           )
IVERSON, M.D.                       )
            Defendants.             )
                                    )
```

### DEFENDANTS', EAST BOSTON NEIGHBORHOOD HEALTH CENTER, OLGA CORDERO, R.N., AND PATRICIA GRABAUSKAS, C.N.M., JOINT MOTION FOR REMOVAL OF DEFAULT (ASSENTED TO)

NOW COME the defendants, East Boston Neighborhood Health Center (hereinafter "EBNHC"), Olga Cordero, R.N. (hereinafter "Cordero"), and Patricia Grabauskas, C.N.M. (hereinafter "Grasbauskas"), in the above-referenced matter and respectfully move for removal of the default issued by the Clerk's Office on or about May 5, 2005. As grounds for this Motion, the defendants state as follows:

1.    This is a medical malpractice action brought against a number of health care providers, including the defendants EBNHC and Cordero (collectively the "federal defendants") and Grasbauskas.

2.    This action was only recently filed in or about October 2004, with service being made in or about December of 2004.

964392v1

3.    The undersigned counsel was retained to represent EBNHC and Nurse Cordero in or about February of 2005 and entered an appearance to that effect on February 9, 2005. See **Exhibit A**.

4.    The undersigned counsel submits that EBNHC and Nurse Cordero are covered under the Federally Supported Health Center Assistance Acts and, therefore, any malpractice claims are governed and controlled by the Federal Tort Claims Act.

5.    The general counsel for Health and Human Services has been notified and transition to counsel from the U.S. Department of Justice/Health and Human Services has been requested and is in the process of being assigned. Indeed, on May 13, 2005 undersigned counsel was contacted by Attorney Ray Farquar of the United States Department of Justice who will be assuming representation of the EBNHC and Nurse Cordero. He will be making an appearance and necessary filings the week of May 16, 2005.

6.    In addition, the undersigned counsel who had been retained to monitor this matter until transition to counsel from the Department of Justice received an extension of time to respond to the complaint until May 18, 2005. See **Exhibit B**.

7.    The undersigned office of Adler, Cohen, Harvey, Wakeman & Guekguezian represent defendant Grabauskas. A Motion to Dismiss was previously served upon plaintiffs' counsel under Superior Court Rule 9A on or about January 7, 2005. The motion is premised on the assertion that the plaintiffs do not have the capacity to bring this claim and the understanding was that the plaintiffs are seeking the appropriate appointment through the courts. Indeed, plaintiffs and counsel for defendant Grabauskas have agreed to an extension of time to respond to the Motion to Dismiss.

2

964392v1

8.    Further, plaintiff's counsel has assented to this request for removal of the
default.

9.    Accordingly, given that the federal defendants (EBNHC and Cordero) are
covered under the Federal Tort Claims Act, that an attorney from the Department of
Justice has recently been assigned and will be assuming representation the week of May
16, 2005, that defendant Grabauskas also has good grounds for seeking removal of the
default, and as the plaintiff fully assents to this motion, the defendants request that this
motion for removal of the recently issued default be the clerk's office be allowed.

WHEREFORE, the defendants East Boston Neighborhood Health Center, Olga
Cordero, R.N., and Patricia Grabauskas respectfully request that the Order of Default
under Standing Order 1-88 be vacated.

Respectfully Submitted,
The Defendants
LAUREN E. HANLEY, M.D., ERIN E.
TRACY, M.D., RONALD E.
IVERSON, M.D. and PATRICIA
GRABAUSKAS,
By their attorneys,

Ellen Epstein Cohen, BBO #
Jennifer Boyd Herlihy, BBO #
ADLER, COHEN, HARVEY,
WAKEMAN
& GUEKGUEZIAN
230 Congress Street
Boston, MA 02210
Tel: 617-423-6674
Fax: 617-423-7152

Respectfully submitted,
The Defendants,
THE EAST BOSTON NEIGHBORHOOD
HEALTH CENTER and OLGA CORDERO,
R.N.

By their attorneys,

Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Tel: 617 439-7500
Fax: 617-342-4947

**I HEREBY ATTEST AND CERTIFY ON**

MAY 26, 2005 , THAT THE

FORECOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

964392v1                                                 3

ASSENTED TO:

The Plaintiffs,
By their attorneys,


Sidney Gorovitz, BBO #
GOROVITZ & BORTEN
395 Totten Pond Road
Suite 401
Waltham, MA  02451-2013
Tel:  781-890-9095
Fax:  781-890-9098

Dated:  May 16, 2005

964392v1

4

r.D.
2/9/05

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO: 2004-4802

)
ANNE MARIE LARA and ELVIN LARA )
Individually and as Parents and Best Friends )
of BABY (boy) JOSE ANGEL LARA, )
            Plaintiffs, )
 )
v. )
 )
PATRICIA GRABAUSKAS, C.N.M., )
OLGA CORDERO, R.N., EAST BOSTON )
NEIGHBORHOOD HEALTH CENTER, )
LAUREN E. HANLEY, M.D., ERIN E. )
TRACY, M.D. and RONALD E. )
IVERSON, M.D. )
            Defendants. )

## NOTICE OF APPEARANCE

TO THE CLERK OF THE ABOVE-NAMED COURT:

Please enter the appearance of Tory A. Weigand, of Morrison Mahoney LLP, on behalf

of the defendants, the East Boston Neighborhood Health Center and Olga Cordero, R.N.

Respectfully submitted,
The Defendants,
THE EAST BOSTON NEIGHBORHOOD
HEALTH CENTER and OLGA CORDERO, R.N.
By their attorneys,

Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

I hereby certify that a true copy of the
above document was served upon the attorney
of record for each party by mail on __2/9/00__

Tory A. Weigand

957239v1

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

Tory A. Weigand
Phone: 617-737-8827
Fax: 617-342-4947
tweigand@morrisonmahoney.com

| | |
|---|---|
| **MASSACHUSETTS** | **CONNECTICUT** |
| BOSTON | HARTFORD |
| FALL RIVER | |
| SPRINGFIELD | NEW YORK |
| WORCESTER | NEW YORK |
| | |
| RHODE ISLAND | ENGLAND |
| PROVIDENCE | LONDON |

April 12, 2005

Sidney Gorovitz, Esquire
Gorovitz & Borten
395 Totten Pond Road, Suite 401
Waltham, MA 02451-2013

RE:   Anne Marie Lara and Elvin Lara, Individually and as Parents and Best Friends
      of baby (boy) Jose Angel Lara v. Patricia Grabauskas, C.N.M., Olga Cordero,
      R.N., East Boston Neighborhood Health Center, Lauren E. Hanley, M.D., Erin
      E. Tracy, M.D., and Ronald E. Iverson, M.D.
      Suffolk Superior Court, Civil Action No. 04-4802
      Our File No.: 10016965

Dear Mr. Gorovitz:

This will confirm our conversation in which you agreed to extend the time for an additional 30 days, up to and including May 18, 2005, for the defendants, East Boston Neighborhood Health Center and Olga Cordero, R.N., to respond to the plaintiffs' complaint in the above-referenced matter.

Your courtesy in this regard is greatly appreciated. Please call with any questions or comments.

Very truly yours,

Tory A. Weigand

/ll

COMMONWEALTH OF MASSACHUSETTS

10

SUFFOLK, ss.                                    SUPERIOR COURT
                                                CIVIL ACTION NO: 2004-4802

```
                                      )
ANNE MARIE LARA and ELVIN LARA        )
Individually and as Parents and Best Friends )
of BABY (boy) JOSE ANGEL LARA,        )
            Plaintiffs,               )
                                      )
v.                                    )
                                      )
PATRICIA GRABAUSKAS, C.N.M.,          )
OLGA CORDERO, R.N., EAST BOSTON       )
NEIGHBORHOOD HEALTH CENTER,           )
LAUREN E. HANLEY, M.D., ERIN E.       )
TRACY, M.D. and RONALD E.             )
IVERSON, M.D.                         )
            Defendants.               )
```

## AFFIDAVIT OF TORY A. WEIGAND IN SUPPORT OF
## DEFENDANTS', EAST BOSTON NEIGHBORHOOD HEALTH CENTER
## AND OLGA CORDERO, R.N., MOTION FOR REMOVAL OF DEFAULT

I, Tory A. Weigand, hereby depose and state as follows:

1.      I am counsel for the defendants, East Boston Neighborhood Health Center and

Olga Cordero, R.N., in the above-captioned action and am a member in good standing of the

Massachusetts bar.

2.      I was retained to represent EBNHC and Nurse Cordero (i.e. federal defendants) in

or about February of 2005 and entered an appearance to that effect on February 9, 2005. See

**Exhibit A**.

3.      I submit that EBNHC and Nurse Cordero are covered under the Federally

Supported Health Center Assistance Act and, therefore, any malpractice claims are governed and

controlled by the Federal Tort Claims Act.

964395v1

5.     The Office of the General Counsel for Health and Human Services has been notified and transition to counsel from the U.S. Department of Justice has been requested and is in the process of being assigned. Indeed, on May 13, 2005, I was contacted by Attorney Ray Farquar of the United States Attorneys Office who has recently been assigned to this matter and will be assuming the representation of the federal defendants (EBNHC and Nurse Cordero) and who will be making an appearance and filing next week.

6.     I was retained to monitor this matter until transition to new counsel could be arranged and received an extension of time to respond to the complaint until May 18, 2005. See **Exhibit B**. Further, I have discussed this matter with plaintiff's counsel and he assents to this motion seeking removal of the default.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS  $\underline{16}$  DAY OF MAY, 2005.

Tory A. Weigand, BBO #548553
MORRISON, MAHONEY & MILLER, LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by *fau*
on  5/16/05

Tory A. Weigand

I HEREBY ATTEST AND CERTIFY ON
MAY 26, 2005
_____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____

ASSISTANT CLERK.