UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE MARIE LARA as Administratrix of )<br>the Estate of JOSE ANGEL LARA )<br>    Plaintiff, )<br>)<br>V. )<br>)<br>PATRICIA GRABAUSKAS, C.N.M., )<br>OLGA CORDERO, R.N., )<br>EAST BOSTON NEIGHBORHOOD )<br>HEALTH CENTER, )<br>LAUREN E. HANLEY, M.D., )<br>ERIN E. TRACY, M.D., and )<br>RONALD E. IVERSON, M.D. )<br>    Defendants )<br>_____) | Civil Action No. 05-11043-RGS |

**ANSWER, AFFIRMATIVE DEFENSES & JURY DEMAND OF
THE DEFENDANT, PATRICIA GRABAUSKAS-CARUSO, C.N.M., TO THE
<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

OVERVIEW

  The defendant, Patricia Grabauskas-Caruso, C.N.M. ("defendant") states that the "overview" violates Fed. R. Civ. P. Rule 8 (e), which requires each averment of a pleading to be "simple, concise and direct," and Fed. R. Civ. P. Rule 10(b), which requires all averments of claims within the Complaint to be in numbered paragraphs, each limited to a statement of a single set of circumstances. This "overview" does not appear to be simple, concise statement that requires a response by the defendant. To the extent that the defendant is required to respond to the "overview," the defendant denies the allegations against her contained therein.

JURISDICTIONAL ALLEGATIONS AND IDENTIFICATION OF PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiff's First Amended Complaint, and therefore, calls upon the plaintiff to prove same.

2. The defendant admits that she was a licensed Certified Nurse Midwife at the relevant times alleged in the Complaint, however, the defendant denies the remaining allegations contained in paragraph 2 of the Plaintiff's First Amended Complaint.

3. The allegations contained in paragraph 3 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this

defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, calls upon plaintiff to prove same.

4. The allegations contained in paragraph 4 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, calls upon plaintiff to prove same.

5. The allegations contained in paragraph 5 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, calls upon plaintiff to prove same.

6. The allegations contained in paragraph 6 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, calls upon plaintiff to prove same.

7. The allegations contained in paragraph 7 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, calls upon plaintiff to prove same.

## COMMON OPERATIVE FACTS

8. The allegations contained in paragraph 8 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

9. The allegations contained in paragraph 9 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

10. The allegations contained in paragraph 10 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

11. The allegations contained in paragraph 11 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

12. The allegations contained in paragraph 12 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

13. The allegations contained in paragraph 13 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

14. The allegations contained in paragraph 14 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

15. The allegations contained in paragraph 15 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

16. The defendant admits that she properly treated the plaintiff at East Boston Neighborhood Health Center on January 7, 2003 and that the information quoted is typed under the "comment" section of the notes.

17. The allegations contained in paragraph 17 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

18. The defendant admits that she properly treated the plaintiff at East Boston Neighborhood Health Center on Marcy 11, 2003 and that the information quoted is typed under the "comment" section of the notes.

19. The defendant denies that the patient was evaluated on this date as she did not keep her appointment ("DNKA").

20. The defendant admits that she made a phone call to the plaintiff on March 26, 2003 and that the information contained in the paragraph is typed under the "comment" section of the notes.

21. The defendant admits that she properly treated the plaintiff at East Boston Neighborhood Health Center on April 8, 2003 and that the information quoted is typed under the "comment" section of the notes.

22. The allegations contained in paragraph 22 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

23. The defendant admits that she properly treated the plaintiff at East Boston Neighborhood Health Center on April 22, 2003 and that the information quoted is typed under the "comment" section of the notes.

24. The allegations contained in paragraph 24 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

25. The allegations contained in paragraph 25 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

26. The defendant admits that she properly treated the plaintiff at East Boston Neighborhood Health Center on May 13, 2003 and that the information quoted is typed under the "comment" section of the notes.

27. The allegations contained in paragraph 27 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

28. The defendant admits that she properly treated the plaintiff at East Boston Neighborhood Health Center on May 27, 2003 and that the information quoted is typed under the "comment" section of the notes.

29. The allegations contained in paragraph 29 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

30. The allegations contained in paragraph 30 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

31. The defendant denies the allegations contained in paragraph 31 of the Plaintiff's First Amended Complaint.

32. The allegations contained in paragraph 32 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this

defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

33. The allegations contained in paragraph 33 of the Plaintiff's First Amended Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies same.

### COUNT I- NEGLIGENCE- WRONGFUL DEATH
### PATRICIA GRABAUSKAS, C.N.M.

34. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 with respect to appointment and, therefore, calls upon the plaintiff to prove same, and further, repeats and reavers fully herein her Answers to paragraphs 1 through 34 of the Plaintiff's First Amended Complaint as if set forth in their entirety.

35. The defendant admits that, at all relevant times, she possessed the requisite skill, knowledge and training of the average, qualified Certified Nurse Midwife. The defendant denies the remaining allegations contained in paragraph 35 of the Plaintiff's First Amended Complaint.

36. The defendant denies the allegations set forth in paragraph 36 of the Plaintiff's First Amended Complaint.

37. The defendant denies the allegations set forth in paragraph 37 of the Plaintiff's First Amended Complaint as well as the allegations set forth in the subsections (a)- (f) thereunder.

38. The defendant denies the allegations set forth in paragraph 38 of the Plaintiff's First Amended Complaint.

The defendant denies that the plaintiff is entitled to any relief whatsoever as to this defendant.

### COUNT II- GROSS NEGLIGENCE- WRONGFUL DEATH
### PATRICIA GRABAUSKAS, C.N.M.

39. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 with respect to appointment and, therefore, calls upon the plaintiff to prove same, and further, repeats and reavers fully herein her Answers to paragraphs 1 through 38 of the Plaintiff's First Amended Complaint as if set forth in their entirety.

40.   The defendant denies the allegations set forth in paragraph 40 of the Plaintiff's First Amended Complaint.

The defendant denies that the plaintiff is entitled to any relief whatsoever as to this defendant.

## COUNTS III THROUGH XII

The allegations set forth in Counts III through XII of the plaintiff's Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, she is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation of the Plaintiff's First Amended Complaint not specifically admitted above, the defendant by way of affirmative defenses states and avers as follows:

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's First Amended Complaint, and each respective count thereof, fails to state a cause of action for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to M.G.L. c. 231, § 60B (Chapter 362 of the Acts of 1975), the defendant requests that a medical tribunal be convened within 15 days to compel the Plaintiff to present an offer of proof.

## THIRD AFFIRMATIVE DEFENSE

If the Plaintiff incurred any injury or damage as alleged, the same was caused by and through the acts or omissions of a third party or persons, for whose conduct this defendant is in no way legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

The negligence of the Plaintiff was greater than the alleged negligence of the defendant, such negligence of the Plaintiff contributed to her alleged damages and, therefore, the Plaintiff is barred from recovery under M.G.L. c. 231, § 85.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff was guilty of contributory negligence and the damages, if any, recovered by the Plaintiff from the defendant should be reduced in proportion to the said negligence of the Plaintiff in accordance with M.G.L. c. 231, § 85.

### SIXTH AFFIRMATIVE DEFENSE

The recovery of the Plaintiff, if any, is limited as provided by M.G.L. c. 229, § 2.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's recovery for the Plaintiff's pain and suffering, embarrassment, and other items of general damages, if any, is limited by the provisions set forth in M.G.L. c. 231, § 60H.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that any recovery for past medical expenses is limited pursuant to the provisions of M.G.L. c. 231, §60G.

### NINTH AFFIRMATIVE DEFENSE

The defendant has not knowingly or intentionally waived any applicable affirmative defenses. The defendant reserves the right to assert and to rely upon other defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by other defendants, and to amend the Answer and/or Affirmative Defenses accordingly.

**The Defendant Demands A Trial By Jury**

The defendant,
Patricia Grabauskas-Caruso, C.N.M.,
By her attorneys,

_____
Ellen Epstein Cohen, B.B.O. #543136
Jennifer Boyd Herlihy, B.B.O. # 636815
Adler, Cohen, Harvey, Wakeman
& Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA 02110
(617) 423-6674

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand/mail) on 5/17/06
e-file

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE MARIE LARA as Administratrix of )<br>the Estate of JOSE ANGEL LARA )<br>           Plaintiff, )<br>)<br>V. )<br>)<br>PATRICIA GRABAUSKAS, C.N.M., )<br>OLGA CORDERO, R.N., )<br>EAST BOSTON NEIGHBORHOOD )<br>HEALTH CENTER, )<br>LAUREN E. HANLEY, M.D., )<br>ERIN E. TRACY, M.D., and )<br>RONALD E. IVERSON, M.D. )<br>           Defendants ) | Civil Action No. 05-11043-RGS |

## REQUEST FOR MEDICAL TRIBUNAL PURSUANT TO M.G.L.ch, 231 § 60B BY THE DEFENDANT, PATRICIA GRABAUSKAS-CARUSO, C.N.M.

The Defendant, Patricia Grabauskas-Caruso, C.N.M., through her attorneys of record, Adler, Cohen, Harvey, Wakeman & Guekguezian, LLP., hereby requests a Medical Malpractice Tribunal in this matter pursuant to M.G.L. ch. 231 §60B, and states in support of this request that:

1. This is an action for malpractice, mistake or error against a provider of health care.

2. The Defendant's field of specialty is Nurse Midwifery and therefore, a Certified Nurse Midwife is requested by the Defendant to serve as the medical member of the Tribunal.

3. At all times relevant hereto, the Defendant, Patricia Grabauskas-Caruso, C.N.M., practiced in Suffolk County.

For the Defendant,
Patricia Grabauskas-Caruso, C.N.M.
By Her Attorneys,

_____
Ellen Epstein Cohen, BBO # 543136
Jennifer Boyd Herlihy, BBO # 636815
Adler, Cohen, Harvey, Wakeman
 & Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA  02110
(617) 423-6674



CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other by (hand)(mail) on _____