UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE MARIE LARA as Administratrix of )<br>the Estate of JOSE ANGEL LARA )<br>            Plaintiff, )<br>)<br>V. )<br>)<br>PATRICIA GRABAUSKAS, C.N.M., )<br>OLGA CORDERO, R.N., )<br>EAST BOSTON NEIGHBORHOOD )<br>HEALTH CENTER, )<br>LAUREN E. HANLEY, M.D., )<br>ERIN E. TRACY, M.D., and )<br>RONALD E. IVERSON, M.D. )<br>            Defendants. )<br>) | Civil Action No. 05-11043-RGS |

**MOTION OF THE DEFENDANTS, PATRICIA GRABAUSKAS, C.N.M., LAUREN E. HANLEY, M.D., ERIN E. TRACY, M.D., AND RONALD E. IVERSON, M.D. FOR TRANSFER TO SUFFOLK SUPERIOR COURT
TO CONVENE A MEDICAL MALPRACTICE TRIBUNAL
*(ASSENTED TO BY PLAINTIFF'S COUNSEL)*** 

The defendants, Patricia Grabauskas, C.N.M., Lauren E. Hanley, M.D., Erin E. Tracy, M.D., and Ronald E. Iverson, M.D. ("defendants"), hereby move this Court to transfer this case to the Suffolk Superior Court for the limited purpose of convening a Medical Malpractice Tribunal pursuant to Mass. Gen. Laws ch. 231 § 60B. See Turner v. Sullivan, 937 F. Supp. 79, 80 (D. Mass. 1996). This case was initially filed in Suffolk Superior Court Docket No. 04-4802, and was subsequently removed. Provided herewith is a memorandum of law in support of this Motion.

*The plaintiff has assented to this Motion and requests the Court remand to Suffolk Superior Court Docket No. 04-4802.*

7

| | |
|---|---|
| The Defendants,<br>Patricia Grabauskas, C.N.M.,<br>Lauren E. Hanley, M.D., Erin E. Tracy, M.D.,<br>and Ronald E. Iverson, M.D.,<br>By Their Attorneys, | The Plaintiff,<br>By her Attorneys, |
| */s/ Ellen Epstein Cohen*<br>Ellen Epstein Cohen, BBO # 543136<br>Jennifer Boyd Herlihy, BBO # 636815<br>Adler, Cohen, Harvey, Wakeman<br>  & Guekguezian, LLP<br>75 Federal Street, 10th Floor<br>Boston, MA  02110<br>(617) 423-6674 | */s/ Sidney Gorovitz*<br>Sidney Gorovitz, BBO # 204300<br>GOROVITZ & BORTEN, P.C.<br>395 Totten Pond Road – Suite 401<br>Waltham, MA 02451<br>(781) 890-9095 |

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand/mail) on 5/16/06

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE MARIE LARA as Administratrix of )<br>the Estate of JOSE ANGEL LARA )<br>        Plaintiff, )<br>)<br>V. )<br>)<br>PATRICIA GRABAUSKAS, C.N.M., )<br>OLGA CORDERO, R.N., )<br>EAST BOSTON NEIGHBORHOOD )<br>HEALTH CENTER, )<br>LAUREN E. HANLEY, M.D., )<br>ERIN E. TRACY, M.D., and )<br>RONALD E. IVERSON, M.D. )<br>        Defendants. )<br>_____) | Civil Action No. 05-11043-RGS |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE DEFENDANTS, PATRICIA GRABAUSKAS, C.N.M., LAUREN E. HANLEY, M.D., ERIN E. TRACY, M.D., AND RONALD E. IVERSON, M.D. FOR TRANSFER TO SUFFOLK SUPERIOR COURT TO CONVENE A MEDICAL MALPRACTICE TRIBUNAL**
_(ASSENTED TO BY PLAINTIFF'S COUNSEL)_

INTRODUCTION

Pursuant to M.G.L. c. 231, § 60B, the defendants, Patricia Grabauskas, C.N.M., Lauren E. Hanley, M.D., Erin E. Tracy, M.D., and Ronald E. Iverson, M.D. ("defendants"), hereby move this Court to transfer this case to the Suffolk Superior Court for the limited purpose of convening a Medical Malpractice Tribunal. This case was initially filed in Suffolk Superior Court Docket No. 04-4802, and was subsequently removed. *The plaintiff has assented to this Motion and requests the Court remand to Suffolk Superior Court Docket No. 04-4802.*

## **ARGUMENT**

Massachusetts General Laws c. 231, § 60B provides that "[e]very action for malpractice, error, or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the Superior Court, a physician licensed to practice medicine in the Commonwealth . . . and an attorney authorized to practice law in the Commonwealth." The Massachusetts Supreme Judicial Court has interpreted this broadly to mean that "all treatment-related claims [are] meant to be referred to a malpractice tribunal." Little v. Rosenthal, 376 Mass. 573, 576 (1978) (action under M.G.L. c. 93A, § 9 alleging that nursing home committed unfair or deceptive practice is appropriate subject for tribunal screening process); See also Salem Orthopedic Surgeons v. Quinn, 377 Mass. 514, 515 (1979) (action for breach of a promise by physician or other health care provider to produce a specific medical result is subject to screening provisions of M.G.L. c. 231, § 60B). The Court has stated that the legislative purpose of subjecting claims to tribunals is to discourage frivolous claims against health care providers. See Salem Orthopedic Surgeons, 377 Mass. at 520; Austin v. Boston Univ. Hosp., 372 Mass. 654, 655 n.4 (1977). M.G.L. c. 231, § 60B also states that the tribunal "shall determine if the evidence presented, if properly substantiated, is sufficient to raise a question of liability appropriate for judicial inquiry or whether the plaintiffs' case is merely an unfortunate medical result." The legislature has, therefore, mandated that every medical malpractice case must be reviewed by a tribunal as defined in M.G.L. c. 231, § 60B.

The Complaint clearly alleges counts for negligence against the defendants. Therefore, based upon the allegations set forth in the plaintiff's Complaint, this is clearly a claim for

malpractice, mistake, or error against a health care providers. Under such circumstances, the defendants are entitled to a medical malpractice tribunal.

M.G.L. c. 231, § 60B also states that the tribunal "shall determine if the evidence presented if properly substantiated is sufficient to raise a question of liability appropriate for judicial inquiry or whether the plaintiffs' case is merely an unfortunate medical result." The legislature has, therefore, clearly mandated that every medical malpractice case must be reviewed by a tribunal as defined in M.G.L. c. 231, § 60B. There is no exception. Austin, 372 Mass. at 660; Little, 376 Mass. at 576. Thus, if a medical malpractice case is entered in the United States District Court, the case must be transferred to the Superior Court for consideration by a medical tribunal. Feinstein v. Massachusetts General Hospital, 643 F.2d 880 (D.Mass. 1981).

The defendants have filed Requests for Tribunal with their Answers and contemporaneously with the filing of this Motion.

WHEREFORE, the defendants request that this Court enter an Order transferring this civil action to the Superior Court for the limited purpose of convening a medical malpractice tribunal in accordance with Massachusetts General Laws c. 231, § 60B. As the alleged negligence took place at the East Boston Neighborhood Health Center and Massachusetts General Hospital, both located in Suffolk County, the defendants request the case be transferred to the Suffolk Superior Court. Further, this case was initially filed in Suffolk Superior Court Docket No. 04-4802, and was subsequently removed. Following the tribunal, the case may then be remanded to the United States District Court for the District of Massachusetts for resolution, if necessary.

***The plaintiff has assented to this Motion.***

| The Defendants, | The Plaintiff, |
|---|---|
| Patricia Grabauskas, C.N.M., | By her Attorneys, |
| Lauren E. Hanley, M.D., Erin E. Tracy, M.D., | |
| and Ronald E. Iverson, M.D., | |
| By Their Attorneys, | |

_____
Ellen Epstein Cohen, BBO # 543136
Jennifer Boyd Herlihy, BBO # 636815
Adler, Cohen, Harvey, Wakeman
 & Guekguezian, LLP
75 Federal Street, 10th Floor
Boston, MA  02110
(617) 423-6674

_____
Sidney Gorovitz, BBO#204300
GOROVITZ & BORTEN, P.C.
395 Totten Pond Road – Suite 401
Waltham, MA 02451
(781) 890-9095

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 5/19/06.